Robert V. Prongay (SBN 270796)
   *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
   *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
   *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant
Robert Weiner*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKA BAGHERI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DERMTECH, INC., JOHN DOBAK, and KEVIN SUN,<br><br>Defendants. | Case No. 3:23-cv-01885-DMS-JLB<br><br>**ROBERT WEINER'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |
| ELENA C. QUARFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DERMTECH, INC., JOHN DOBAK, and KEVIN SUN.<br><br>Defendants. | Case No. 3:23-cv-02221-JES-DDL |

Lead Plaintiff Movant Robert Weiner ("Weiner") respectfully submits this memorandum of law in opposition to the three competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members in this action (Dkt. Nos. 11, 12, 13).[1]

## I.      INTRODUCTION

Four movants (or groups of movants) filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Weiner (Dkt. No. 10); Sandra Nolan ("Nolan"; Dkt. No. 13); Sameer and Sunaina Khanna (the "Khannas," Dkt. No. 11), and the Ramras Accounts ("Ramras," Dkt. No. 12). However, Nolan and the Khannas have since filed notices informing the court that they do not oppose Weiner's motion, conceding that they do not have the largest financial interest in the relief sought by the class. *See* Dkt. Nos. 15, 17. As such, only Weiner and Ramras are still seeking appointment as lead plaintiff.

With respect to the lead plaintiff determination, the question presently before the Court is which of these two movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[1] All lead plaintiff movants agree that the related actions should be consolidated. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

1

As demonstrated in Weiner's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 10-1), Weiner has the largest financial interest in the relief sought by the class. Weiner's financial interest, as measured by his last-in-first-out ("LIFO") loss, is $95,118.67. *See* Dkt. No. 10-5. As such, Weiner is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Weiner is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Weiner should be appointed lead plaintiff, and his selection of lead counsel should be approved.[2]

## II.   ARGUMENT

### A.   The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Here, as explained below, Weiner is the presumptively most adequate plaintiff because Weiner filed a lead plaintiff motion in response to a notice, has a larger financial interest than the competing lead plaintiff movants, and satisfies the requirements of Rule 23. Since no other movant can rebut this presumption, Weiner should be appointed as lead plaintiff.

**B.    Weiner Is the Presumptively Most Adequate Plaintiff Because Weiner Has the Largest Financial Interest in the Relief Sought by the Class**

Weiner satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Weiner filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 10; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Weiner satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 10-1 at 7-9; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Weiner has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any methodology that is "both rational and consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. Courts in this Circuit, however, generally rely on the four-factor *Lax-Olsten* test to determine financial interest, which weighs: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Water Island Event-Driven Fund, v. Maxlinear, Inc.*, No. 23-cv-1607, 2023 WL 8812875, at *3 (S.D. Cal. Dec. 20, 2023) ("Courts typically consider the *Lax-Olsten* factors. . . ."). To calculate the fourth factor, losses suffered, courts in the Ninth Circuit typically use the last in, first out (LIFO) methodology. *See Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017); *see also*

*Nicolow v. Hewlett Packard Co.*, No. 12-cv-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (the "weight of authority" uses the LIFO methodology).

Here, Weiner has a larger financial interest than the other three movants, including Ramras, as measured by every *Lax-Olsten* factor: [3]

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Weiner | 20,000 | 20,000 | $153,552.00 | $95,118.67 |
| ~~Nolan~~ | ~~3,135~~ | ~~2,335~~ | ~~$69,127.71~~ | ~~$62,305.62~~ |
| ~~Khannas~~ | ~~3,147~~ | ~~2,987~~ | ~~$65,786.40~~ | ~~$57,059.38~~ |
| Ramras | 2,100 | 1,100 | $15,525.50 | $12,311.67 |

Accordingly, Weiner has the largest financial interest in the relief sought by the class. Since Weiner also satisfies the requirements of Rule 23, and filed a timely motion, Weiner is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C. The Presumption that Weiner Is the Most Adequate Plaintiff Has Not Been Rebutted

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Weiner would be inadequate or subject to unique defenses. Moreover, Weiner is not aware of any possible basis for such a contention.

As such, Weiner should be appointed as lead plaintiff, and no other movant is entitled to consideration. See *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

---

[3] The values in the chart are taken derived from the movants' loss charts submitted with their lead plaintiff motions.

### D.     The Lead Plaintiff's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). As such, a Court should only interfere with the lead plaintiff's choice of counsel if the choice "is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *Id.* at 733.

Here, Weiner has selected Glancy Prongay & Murray LLP to be lead counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 10-6 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Weiner's selection of counsel, the Court may be assured that the class will receive the highest caliber of legal representation. Accordingly, Weiner's selection of lead counsel for the class should be approved.

### III.   CONCLUSION

For the foregoing reasons, Weiner respectfully requests that the Court enter an Order: (1) appointing Weiner as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) denying the competing motions.

DATED:  January 9, 2024 Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By: */s/ Robert V. Prongay*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant*
*Robert Weiner*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On January 9, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 9, 2024.


*/s/ Robert V. Prongay*
Robert V. Prongay