Kara M. Wolke (SBN 241521)
 *kwolke@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

Raymond D. Sulentic (SBN 316913)
 *rsulentic@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
12526 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (310) 201-9150

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DERMTECH, INC. SECURITIES LITIGATION | Case No. 3:23-cv-1885-DMS-JLB |
| | **PLAINTIFF'S RESPONSE TO DERMTECH'S NOTICE OF SUGGESTION OF BANKRUPTCY (ECF 29)** |
| | Judge: Hon. Dana M. Sabraw |

Lead Plaintiff Robert Weiner ("Plaintiff") hereby responds to the Notice of Suggestion of Bankruptcy (ECF No. 29) filed by former defendant DermTech Inc. ("DermTech"). On June 20, 2024, Plaintiff voluntarily dismissed his claims against DermTech only. ECF No. 28.

DermTech's bankruptcy does not stay this action against the remaining defendants, John Dobak and Kevin Sun (hereinafter "Individual Defendants"), because a bankruptcy stay does not apply to any person or entity other than the debtor. *Cf. United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1492 (9th Cir. 1993) ("The mere fact that the government's claim against the individual defendants shares a 'similar legal and factual nexus' with the government's claim against the Corporation is not sufficient ground for extending the automatic stay"); *Rosen v. Urb. Commons, LLC*, 2021 WL 3264146, at *2 (C.D. Cal. July 23, 2021) ("the automatic stay does not extend to actions against parties other than the debtor."). This case can and should proceed against the Individual Defendants.

Moreover, the Ninth Circuit has held that if a bankruptcy stay were to apply to any person other than the debtor, that stay should be implemented by *the bankruptcy court*, not the district court. *See Boucher v. Shaw*, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009) ("Even then, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction.  Such extensions, although referred to as extensions of the automatic stay, are in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate.") (cleaned up); *Rosen v. Urb. Commons, LLC*, 2021 WL 3264146, at *2 (C.D. Cal. July 23, 2021) ("But even assuming Defendants are correct, the Ninth Circuit has 'suggested that the non-debtor invoking the applicability of the stay must raise the issue with the bankruptcy court, so that the bankruptcy court can extend the stay to the non-debtor, if appropriate.'") (collecting cases).

Here, the Individual Defendants do not appear to dispute that this case is not stayed *against them. See* ECF 29 (stating that "the above-captioned action has been automatically stayed *as against the Debtor-defendant*") (where "Debtor-defendant" was defined as DermTech and its affiliate) (emphasis added). Such is the proper reading of the Bankruptcy Code because only where "unusual" circumstances exist as determined by the bankruptcy court, which do not exist here, is a bankruptcy stay potentially extended to non-debtors such as the Individual Defendants. *See In re Chugach Forest Prod., Inc.*, 23 F.3d 241, 246–47 (9th Cir. 1994) ("[F]or relief for such non-bankrupt defendants to be available under § 362(a), there must be 'unusual circumstances.'").

The unusual circumstances exception does not exist where individual defendants filed for bankruptcy protection, but a co-defendant corporate entity did not. *See Phillips 66 Co. v. California Pride, Inc.*, 2017 WL 2875736, at *4 (E.D. Cal. July 6, 2017), *report and recommendation adopted,* 2017 WL 3382974 (E.D. Cal. Aug. 7, 2017). The court in *Phillips 66* explained:

> "As a general rule, the automatic stay of section 362(a) **protects only the debtor**, property of the debtor or property of the estate." *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (citation omitted). . .
>
> Some courts have recognized an "unusual circumstances" exception to this general rule where "the judgment against the non-debtor defendant would in effect be a judgment or finding against the debtor." *Totten v. Kellogg Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1268 (C.D. Cal. 2016). Under this exception, the bankruptcy stay may be extended to non-debtors. *See, e.g.*, *Placido v. Prudential Ins. Co. of Am.*, 2010 WL 334744, at *1 (N.D. Cal. Jan. 22, 2010). Nonetheless, **the bankruptcy court—and not the district court**—"would first need to **extend** the automatic stay under its equity jurisdiction." *Boucher v. Shaw*, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009); *see also Placido*, 2010 WL 334744, at *1 (stating that district courts "do[ ] not have the jurisdiction to extend the stay to

a non-debtor party"). Indeed, "[s]uch extensions, although referred to as extensions of the automatic stay, [are] in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Boucher*, 572 F.3d at 1093 n.3 (quoting *In re Chugach*, 23 F.3d at 247 n.6).

In this case, no party has indicated that the bankruptcy court extended the Section 362(a)(1) stay of litigation to the non-debtor Defendant, California Pride, Inc. Further, there is no indication on the docket for the bankruptcy proceedings that bankruptcy court has elected to extend the stay. *See* Case Number 17-11261 (Bankr. E.D. Cal.). Absent such an action by the bankruptcy court, the Section 362(a)(1) automatic stay ***does not extend to the non-debtor Defendant***, California Pride, Inc., and this matter may properly proceed against this Defendant. *See, e.g.*, *Totten*, 152 F. Supp. 3d at 1268 ("In the absence of a bankruptcy court order extending the automatic stay to the non-debtor in this action, this case will go forward as to [the non-debtor defendant].").

*Phillips 66*, 2017 WL 2875736, at *4 (emphasis added).

Similarly, courts across the country have held that corporate bankruptcy filings do not prevent securities fraud cases like the one here from proceeding against individuals who are co-defendants. *See e.g.*, *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1066 (9th Cir. 2000) (where the corporate defendant was bankrupt but individual defendants remained in the case and the Ninth Circuit reversed a district court for granting JMOL on § 20(a) securities claim); *Bruce v. Suntech Power Holdings Co.*, 64 F. Supp. 3d 1365, 1368 (N.D. Cal. 2014) (case proceeded against individual defendant notwithstanding Suntech's bankruptcy filing); *In re Thornburg Mortg., Inc. Sec. Litig.*, 824 F. Supp. 2d 1214, 1279 (D.N.M. 2011), *aff'd sub nom. Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190 (10th Cir. 2013) ("The language of 11 U.S.C. § 362 extends stay proceedings only to actions 'against the

debtor.' There is nothing in the statute which purports to extend the stay to causes of action against solvent co-defendants of the debtor.") (collecting cases).[1] And here, DermTech is not even a co-defendant with the Individual Defendants, at most, it is a *former* co-defendant. *See* ECF 28.

Finally, the voluntary dismissal of DermTech (ECF 28) is itself unaffected by any bankruptcy stay. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006) ("dismissal was 'consistent with the purpose of [section 362(a)]' because it did not intrude on [debtor's] 'breathing space' or threaten other creditors'") (collecting cases); *In re Twinlabs Pers. Inj. Cases*, 2004 WL 435083, at *1 (S.D.N.Y. Mar. 8, 2004) ("unilateral dismissal of a claim against a bankrupt [entity] under Fed. R. Civ. P. 41 or its equivalent by agreement and judicial approval assists rather than interferes with the goals of Chapter 11").

In sum, this case should proceed on the current schedule against the Individual Defendants notwithstanding DermTech's bankruptcy.

Dated:  June 20, 2024

**GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Raymond D. Sulentic*
Raymond D. Sulentic
12526 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (310) 201-9150
Email: rsulentic@glancylaw.com

---

[1] *See also*, *Singer v. TranS1, Inc.*, 2015 WL 2341907, at *1 n.4 (E.D.N.C. May 14, 2015) (analyzing individual defendants' motion to dismiss securities fraud class action where automatic stay applied to bankrupt corporate defendant); *In re Unicapital Corp. Sec. Litig.*, 149 F. Supp. 2d 1353, 1362, n.11 (S.D. Fla. 2001) (ruling on motion to dismiss by former executives but recognizing that "this action is currently stayed with respect to [the company] by operation of the Bankruptcy Code's automatic stay provision.").

Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email:  kwolke@glancylaw.com

*Lead Class Counsel*

## **PROOF OF SERVICE**

I hereby certify that on this 20th day of June, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Raymond D. Sulentic*
Raymond D. Sulentic
