Kara M. Wolke (SBN 241521)
  kwolke@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

Ray D. Sulentic (SBN 316913)
  rsulentic@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
12526 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (310) 201-9150

*Counsel for Lead Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

IN RE DERMTECH, INC.
SECURITIES LITIGATION

Case No. 3:23-cv-01885-DMS-JLB

<u>CLASS ACTION</u>

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Judge:      Hon. Dana M. Sabraw
Date:       October 25, 2024
Time:       1:30 p.m.
Courtroom:  13A

---

Opposition to Request for Judicial Notice     Case No. 3:23-cv-01885-DMS-JLB

Lead Plaintiff Robert Weiner ("Plaintiff") hereby responds to Defendants'[1] Request for Judicial Notice ("RJN") (ECF No. 27-22) in support of their Motion to Dismiss ("Mot." or "Motion") Plaintiffs' First Amended Consolidated Class Action Complaint ("the CAC") (ECF No. 27).

## I. INTRODUCTION

In connection with their Motion, Defendants request judicial notice of 19 documents, several of which are proffered for the truth of the matter asserted and are improperly used at this pleading stage. Defendants' approach evinces precisely the "concerning pattern in securities cases" recognized by the Ninth Circuit where defendants exploit incorporation-by-reference and judicial notice "procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *cf. See Riley v. Chopra*, 2020 WL 5217154, at *3 (C.D. Cal. June 19, 2020) ("Given the number of documents defendants ask the court to consider in connection with their Motion, the court is persuaded that consideration of such documents and the arguments raised in the pending Motion would be more appropriate at summary judgment.").

The law in the Ninth Circuit following the seminal *Khoja* opinion sharpened scrutiny on defendants in federal securities cases. As a result, District Courts in California have not only denied bloated requests for judicial notice of the type here, but they have also ***denied the entire motion to dismiss*** for seeking notice of so many documents. *See* § II *infra* (collecting cases). This Court should likewise adopt the same rule and reject Defendants' Request for Judicial Notice *and* deny their Motion to Dismiss. Without its extensive citations to outside documents that it relies on, Defendants' Motion to Dismiss is largely unsupported.

---

[1] John Dobak ("Dobak"), and Kevin Sun ("Sun") are collectively known as "Defendants."

Opposition to Request for Judicial Notice          Case No. 3:23-cv-01885-DMS-JLB

## II. ARGUMENT

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. There are two exceptions to this general rule: (1) the doctrine of judicial notice; and (2) the incorporation by reference doctrine. *Id*. at 999. In *Khoja*, the Ninth Circuit took time to "clarify when it is proper to take judicial notice of facts in documents, or to incorporate by reference documents into a complaint, and when it is not." *Id*. The message of *Khoja* was not subtle: the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine [] can lead to unintended and harmful results." *Khoja*, 899 F.3d at 998. Indeed, one court aptly described the misuse of these doctrines as follows:

> This practical reality [of considering extrinsic material for a motion to dismiss] has led to inappropriate efforts by defendants to expand the two doctrines. These efforts are distinct from the other inappropriate misuses of the doctrines already identified. Nowadays, it seems more and more common to come across Rule 12(b)(6) motions to dismiss filed with hundreds of pages of attachments, authenticated through attorney declarations. These declarations will be coupled with a request for judicial notice. That judicial notice will often conflate judicial notice and incorporation by reference. ***Too often, these mountainous motions make arguments more appropriate for a motion for summary judgment or some other later stage of the case*** . . . . In this way, efforts to expand courts' consideration of extrinsic evidence at the motion to dismiss stage are consistent with other developments in the law that diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court. Such trends are particularly troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing**.**

*Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281–82 (C.D. Cal. 2016).[2]

---

[2] Unless otherwise indicated, all emphasis is added and all internal citations and footnotes are omitted.

2

Opposition to Request for Judicial Notice          Case No. 3:23-cv-01885-DMS-JLB

Since the Ninth Circuit's guidance in *Khoja*—which upended the judicial notice and incorporation-by-reference doctrines in securities cases in the Ninth Circuit—district courts in California have not only denied lenghty requests for judicial notice such as the one here, but have also gone one step further and denied the underlying *motion to dismiss* supported by such requests because the motion relied on too many extraneous documents. *See Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (denying motion to dismiss and instructing defendants to file an answer or subsequent motion to dismiss without incorporating *any* documents by reference or attaching *any* exhibits.); *Riley*, 2020 WL 5217154, at *2 (denying motion to dismiss and instructing defendants to file an answer or subsequent motion to dismiss without incorporating *any* documents by reference or attaching *any* exhibits); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (observing the specific concern raised by *Khoja* and denying defendants' request for judicial notice and entire motion to dismiss, and directing the defendants to answer or refile a motion without incorporating any documents by reference or attaching any exhibits); *Wks. v. Home Depot U.S.A., Inc.*, 2020 WL 1652539, at *1 (C.D. Cal. Jan. 21, 2020) (denying motion to dismiss and directing defendants to refile with no attached exhibits); *Fabbri v. Wilkinson*, 2019 WL 5781914, at *2 (C.D. Cal. Nov. 5, 2019) (denying request for judicial notice and motion to dismiss).

**A.     The Volume of Citations and Documents in Defendants' RJN Favor Outright Denial of their Request and Motion**

One factor courts consider after *Khoja* is the number of documents for which a defendant requests judicial notice. *See, e.g.*, *Fabbri*, 2019 WL 5781914, at *2 (denying request for judicial notice of 20 documents and denying the accompanying motion to dismiss, noting "given the number of documents defendant seeks to have considered in connection with its Motion, the court is persuaded that such documents and the arguments raised in the pending Motion would more appropriately be considered at summary judgment.").

3

Here, Defendants seek notice of 19 documents, spread over 79 citations in their Motion to Dismiss. This number of documents is akin to those sought to be noticed or incorporated by reference in *Khoja*, which prompted the Ninth Circuit to clarify the proper standard. 899 F.3d at 998.  Indeed, following *Khoja*, courts have found less documents too many and ordered defendants to refile without reference to any exhibits.  *See Riley*, 2020 WL 5217154, at \*3 (Where 16 documents were proffered, the court found "consideration of such documents and the arguments raised in the pending Motion would be more appropriate at summary judgment."); *Fabbri*, 2019 WL 5781914, at \*2 ("Finally, given the number of documents defendant seeks to have considered in connection with its Motion [(it was 20 documents in *Fabbri*)], the court is persuaded that such documents and the arguments raised in the pending Motion would more appropriately be considered at summary judgment."); Here, Defendants seek judicial notice of approximately 20% more documents than the number requested and rejected in *Riley* and the same number requested and rejected in *Fabbri*.

So, just like those courts did, this Court should also deny Defendants' request for judicial notice and their motion to dismiss for proffering so many extrinsic documents.

**B.    Defendants Improperly Use Exhibits Extraneous to The CAC to Assert Disputed Facts**

      **1.    Exhibits may not be used for the truth of the matter asserted at the pleading stage**

Rule 201(b) of the Federal Rules of Evidence provides: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Conversely, courts within the Ninth Circuit have repeatedly declared that it is improper for a party to seek judicial notice of documents for the truth of the matter asserted therein. *See, e.g.*, *Nordell Int'l Res., Inc. v. Triton Indonesia, Inc.*, 139 F.3d

4

Opposition to Request for Judicial Notice        Case No. 3:23-cv-01885-DMS-JLB

906 (9th Cir. 1998) ("Nordell requests that this court take judicial notice of the truth of the facts asserted in the documents it offers here. We deny Nordell's request.").

Similarly, the Ninth Circuit cautions that "what inferences a court may draw from an incorporated document should also be approached **with caution**." *Khoja*, 899 F.3d at 1003. It "is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*.

As shown below, Defendants cite exhibits for the truth of the matter asserted in contravention to Rule 201(b) and *Khoja* throughout their Motion.

### 2. Exhibits 2 and 19 are not incorporated by reference and are improperly offered to present Defendants' version of the facts

Defendants ask the Court to take judicial notice of Exhibits 2 and 19, which is improper. Neither document was incorporated by reference in the CAC and Defendants try to use both to improperly assert disputed facts.

*Exhibit 2*. Exhibit 2 to Defendants' RJN purports to be a true and correct copy of the Company's Response to Comments: MolDX: Pigmented Lesion Assay, filed with the Centers for Medicare and Medicaid Service ("CMS") on December 16, 2019. *See* Declaration of Sean T. Prosser ("Prosser Decl.") (ECF 27-2) ¶3.   But the Company's Response to Comments was not even mentioned, let alone incorporated by reference in the CAC.  Defendants' Motion to Dismiss does not contend otherwise. Instead, Defendants seem to introduce Exhibit 2 as foundation that the final LCD for DMT —during the Class Period that begins in 2021—would cover more than 97% of tests. *See* Motion, at 5-6.

Defendants' reliance on Exhibit 2 to provide factual support to attempt to contravene a well-pleaded allegation is improper. *Riley*, 2020 WL 5217154, at *2 ("Given defendants' use of Exhibit 3 to rebut one of plaintiffs' arguments, the court concludes that incorporation by reference of Exhibit 3 is inappropriate."); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156–57 (2d Cir. 2006) ("finding error where the court relied on documents the complaint did not mention to resolve an issue in defendant's favor, even though the complaint had not raised the

Opposition to Request for Judicial Notice          Case No. 3:23-cv-01885-DMS-JLB

issue") (as quoted approvingly by *Khoja* at 899 F.3d at 1003-04). Defendants cannot use judicial notice procedures to "present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 998-99; *see also In re Dura Pharms, Inc. Sec. Litig.*, 452 F. Supp. 2d 1005, 1028 n.3 (S.D. Cal. 2006) ("the Court declines to take judicial notice of the 1996 Annual Report as evidence the Defendants did not commit a securities violation"); *Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) (holding that judicial notice is improper where "Defendants offer the documents as evidence that Defendants did not commit securities violation"). It "is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.

Moreover, Exhibit 2 is irrelevant to the allegations in the CAC because it precedes the Class Period by years. *See* CAC, ¶ 1 (defining Class Period as between March 8, 2021 and May 3, 2023).  Thus, the Court should decline to take judicial notice of this exhibit on relevance grounds as well.  *See, e.g., Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1147 (S.D. Cal. 2022) (declining to take judicial notice of press releases "because they are irrelevant to the instant Motion to Dismiss"); *Abbit v. ING USA Annuity and Life Ins. Co.*, 999 F. Supp. 2d 1189, 1195 (S.D. Cal. 2014) (same); *Arbib v. Nationstar Mortgage LLC*, 2014 WL 6612414, at *8 (S.D. Cal. Nov. 19, 2014) ("A court need not take notice of irrelevant material.").

***Exhibit 19***. Exhibit 19 purports to be a true and correct chart created by counsel for Defendants, summarizing Defendant John Dobak's sales of common stock between March 8, 2021 through May 7, 2023 as purportedly contained in Form 4s filed with the SEC by the Company on Mr. Dobak's behalf..." *See* Prosser Decl. ¶20. This document, which was created after the litigation began, was not mentioned in the CAC, so it was certainly not incorporated by reference.

Moreover, Plaintiffs dispute that it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." That objection alone is sufficient for the Court to exclude the chart. *See Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (Refusing to notice a chart created by counsel,

reasoning that, "I will not consider this exhibit. It cannot be judicially noticed because it is subject to reasonable dispute (as evidenced by the plaintiffs' objections)."); *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 996 (S.D. Cal. 2005) ("The contested exhibits are not the type of documents readily capable of judicial notice, and Plaintiffs contest their authenticity.").

The Court should decline to take judicial notice of Exhibit 19 for the additional reason that Defendants fail to identify the facts of which they seek judicial notice. *See United States v. Bychak*, 2021 WL 734371, at *4 (S.D. Cal. Feb. 25, 2021) ("Because defendant does not identify which facts within the exhibits it asks the court to judicially notice nor does it explain why the court can judicially notice those facts, the court denies defendant's request for judicial notice.") (citing *Riley*, 2020 WL 5217154, at *2). Nowhere in Defendants' RJN do they explain which facts in Exhibit 19 they ask the Court to notice, nor why they are properly noticeable.

The Court should decline to take judicial notice of Exhibits 2 and 19.

### 3. Exhibits 16, 17, and 18 Should Be Disregarded Because They Improperly Set Forth Affirmative Defenses

Exhibits 16, 17, and 18 are improper for either judicial notice or incorporation by reference because they seek to show that Defendants' stock sales were purportedly made under pre-arranged trading plans, which is an affirmative defense inappropriate to adjudicate at this stage. 17 C.F.R. § 240.10b5-1(c)(1); *see also In re UTStarcom, Inc., Sec. Litig.*, 617 F. Supp. 2d 964, 976 n.16 (N.D. Cal. 2009) ("[A]lthough evidence of the nondiscretionary nature of Defendants' sales *may ultimately* provide the basis of an affirmative defense at *a later stage* of the litigation, it suffices that, at the pleading stage, Plaintiffs have alleged significant and suspiciously timed securities sales.").

Courts should not take judicial notice of Form 4s offered for this purpose. *See Longo*, 2020 WL 3124221, at *1 (denying defendants' request to notice Form 4s, and confirming that such documents cannot be incorporated by reference to support a defense to a well-plead allegation in the complaint). Moreover, while Defendants'

7

Opposition to Request for Judicial Notice          Case No. 3:23-cv-01885-DMS-JLB

Form 4s reference a Rule 10b5-1 trading plan, Defendants have not sought to introduce the trading plan itself, which may contain loopholes allowing them to conceal trades. *Stocke v. Shuffle Master, Inc.*, 615 F. Supp. 2d 1180, 1193 (D. Nev. 2009) ("The Court cannot make such factual findings when considering a motion to dismiss because it must draw all inferences in favor of the non-moving party.").

The Court should decline to take judicial notice of Exhibits 16, 17, and 18.

## III.    CONCLUSION

For the above reasons, the Court should deny Defendants' Request for Judicial Notice and because Defendants' RJN improperly seeks to convert a motion to dismiss into a motion for summary judgment, Defendants' Motion to Dismiss should be denied as well.

DATED: August 23, 2024              **GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Raymond D. Sulentic*
Raymond D. Sulentic
12526 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone:  (310) 201-9150
Email: rsulentic@glancylaw.com

Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Email:  kwolke@glancylaw.com

*Lead Counsel for Lead Plaintiff and the Putative Class*

Opposition to Request for Judicial Notice          Case No. 3:23-cv-01885-DMS-JLB

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On August 23, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 23, 2024, at San Diego, California.

*s/ Raymond D. Sulentic*
Raymond D. Sulentic