Sean T. Prosser (SBN 163903)
stprosser@mintz.com
Jennifer YoonJee Kim (SBN 318804)
jkim@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone:  858.314.1500
Facsimile:   858.314.1501

Patrick E. McDonough (*Pro Hac Vice* application forthcoming)
pemcdonough@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000

Attorneys for Defendants
JOHN DOBAK and KEVIN SUN

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE DERMTECH, INC. SECURITIES LITIGATION | Case No. 3:23-cv-01885-DMS-JLB |
| | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | DATE:       October 25, 2024 |
| | TIME:        1:30 p.m. |
| | CTRM.:      13A |
| | JUDGE:     Hon. Dana M. Sabraw |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. ARGUMENT ......................................................................................................2

    A.    Defendants' Exhibits are Not Offered for the Truth of the Matter Asserted Therein ...............................................................................2

    B.    Post-*Khoja*, Courts Still Routinely Grant Requests for Judicial Notice Involving Multiple Documents ..........................................................2

    C.    Plaintiff Does Not Oppose Defendants' Request For Judicial Notice of Exhibit 1 and Exhibits 3-15, And Such Request Should be Granted ...4

    D.    Exhibit 2 is Incorporated by Reference in the CAC and Therefore Properly Subject to this Court's Consideration ....................................5

    E.    Exhibits 16 Through 18 Are Public Documents Routinely Subject to Judicial Notice and Consideration To Properly Evaluate Defendants' Alleged Scienter ................................................................................7

    F.    The Data Contained in Exhibit 19 Is Publicly Available......................9

III. CONCLUSION .................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agendia, Inc. v. Becerra*,
   4 F.4th 896 (9th Cir. 2021) ...............................................................................5

*Azar v. Yelp, Inc*,
   2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) ....................................................8

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
   880 F. Supp. 2d 1045 (N.D. Cal. 2012)...............................................................9

*Cohen v. Conagra Brands, Inc.*,
   2023 U.S. Dist. LEXIS 48037 (C.D. Cal. Mar. 20, 2023) .............................3, 4

*Cohen v. Suleminian*,
   2024 U.S. Dist. LEXIS 158631 (C.D. Cal. July 22, 2024) .................................4

*Elec. Workers Pension Fund, Local 103 v. HP Inc.*,
   2021 U.S. Dist. LEXIS 52463 (N.D. Cal. Mar. 19, 2021) ..................................3

*Habelt v. iRhythm Techs., Inc.*,
   2022 U.S. Dist. LEXIS 60358 (N.D. Cal. Mar. 31, 2022) ..................................6

*Haddad v. Bank of Am., N.A.*,
   2014 U.S. Dist. LEXIS 2205 (S.D. Cal. Jan. 8, 2014) ........................................4

*Hoffman v. Life Ins. Co. of the Southwest*,
   2024 U.S. Dist. LEXIS 126231 (N.D. Cal. July 17, 2024) .................................4

*In re AnaptysBio Sec. Litig.*,
   No.: 20-CV-565 TWR (DEB), 2021 WL 4267413 (S.D. Cal. Sept. 20, 2021) ...8

*In re Eventbrite, Inc. Sec. Litig.*,
   2020 U.S. Dist. LEXIS 74651 (N.D. Cal. Apr. 28, 2020)....................................5

*In re Facebook, Inc. Secs. Litig.*,
   405 F. Supp. 3d 809 (N.D. Cal. 2019).............................................................9, 10

*In re Nektar Therapeutics*,
   2020 U.S. Dist. LEXIS 122715 (N.D. Cal. July 13, 2020) .................................8

*In re SentinelOne, Inc. Sec. Litig.*,
   2024 U.S. Dist. LEXIS 116812 (N.D. Cal. July 2, 2024) ...............................3, 10

*In re Silicon Graphics Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) .......................................................................8

*J.K.J. v. City of San Diego*,
   17 F.4th 1247 (9th Cir. 2021) ......................................................................7

*Jaszczyszyn v. Sunpower Corp.*,
   2024 U.S. Dist. LEXIS 126193 (N.D. Cal. July 17, 2024) ..........................2, 5, 7

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ...............................................................3, 5, 7, 10

*Leventhal v. Chegg, Inc.*,
   2024 U.S. Dist. LEXIS 37562 (N.D. Cal. Mar. 4, 2024) ...........................2, 7, 10

*Pardi v. Tricida, Inc.*,
   2024 U.S. Dist. LEXIS 42534 (N.D. Cal. Mar. 11, 2024) ..................................2

*Salinas v. IA Lodging San Diego, L.L.C.*,
   2021 U.S. Dist. LEXIS 77722 (S.D. Cal. Apr. 22, 2021) ...................................4

*Strezsak v. Ardelyx Inc.*,
   2024 U.S. Dist. LEXIS 47461 (N.D. Cal. Mar. 18, 2024) ..................................9

*Tavares v. Nationstar Mortg. LLC*,
   2014 U.S. Dist. LEXIS 95537 (S.D. Cal. July 14, 2014)...................................4

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007)......................................................................................7

*Valdez v. Grisham*,
   2022 U.S. App. LEXIS 16330 (10th Cir. June 14, 2022) ...................................6

## I.   **INTRODUCTION**[1]

Defendants' Request for Judicial Notice ("RJN") [ECF 27-22] should be uncontroversial. Defendants seek judicial notice of nineteen exhibits that fall into four categories: (1) public documents filed with the SEC and available to all DermTech shareholders; (2) transcripts of public earnings calls; (3) a chart,for the Court's convenience, compiling publicly-available securities transaction data from SEC filings; and (4) DermTech's publicly-available response to public comments filed with MAC concerning DermTech's Request for a Final LCD. Plaintiff's assertion that the volume of documents contained in the RJN, on its face, warrants "outright denial" is misguided and misleading, as courts in this Circuit regularly grant requests for judicial notice containing more than nineteen documents. The exhibits are not offered for the truth of the matter asserted therein but rather to demonstrate the true facts and information disclosed to the market during the Class Period, including the full picture of Dobak's stock holdings and transactions. They are precisely the types of documents of which courts routinely take judicial notice.

Plaintiff's desperation to prevent the Court from considering the *actual* public disclosures and facts available to shareholders is palpable. For example, DermTech's communications with the MAC were not private – they were and still are contained on the public government website of the CMS. Plaintiff is not entitled to cherry-pick from a subset of such public information. Not only is consideration of the full text of such materials required under the "incorporation by reference" doctrine, but it also is appropriate for the Court to take judicial notice of such public exchanges with a government agency, just as it routinely does for public SEC filings.

---

[1] Unless otherwise defined herein, all defined terms shall have the same meaning ascribed to them in Defendants' Motion to Dismiss. [(ECF 27-1 (brief) ("Motion" or "Mot.")] and Defendants' Request for Judicial Notice [ECF 27-22].

REPLY MEM. ISO DEFS.' REQUEST FOR JUDICIAL NOTICE
Case No. 3:23-cv-01885-DMS-JLB

For these reasons, and for those reasons set forth below, the Court should grant Defendants' Request for Judicial Notice in its entirety.

## II.    ARGUMENT

### A.    Defendants' Exhibits are Not Offered for the Truth of the Matter Asserted Therein

As a threshold matter, none of the exhibits attached to the Prosser Declaration (ECF 27-2) are offered for the truth of the matter asserted therein. To the contrary, each exhibit is offered either: (1) to demonstrate what information was disclosed and available to the market – a fact that is not subject to reasonable dispute, and can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned; or (2) to negate any inference of scienter, which is appropriate at the Rule 12 motion stage. Therefore, each exhibit is appropriately subject to judicial notice. *See, e.g.*, *Pardi v. Tricida, Inc.*, 2024 U.S. Dist. LEXIS 42534, *10 (N.D. Cal. Mar. 11, 2024) ("Accordingly, the Court GRANTS [the defendant's] request for judicial notice as to Exhibits 1-7, 17, and 22-26 for the purpose of considering what was disclosed to the market."); *Jaszczyszyn v. Sunpower Corp.*, 2024 U.S. Dist. LEXIS 126193, *8 (N.D. Cal. July 17, 2024) ("Exhibits 1-10, further, are all publicly available documents representing information disclosed to the market and thus are subject to judicial notice."); *Leventhal v. Chegg, Inc.*, 2024 U.S. Dist. LEXIS 37562, *30 (N.D. Cal. Mar. 4, 2024) ("[T]he Court takes judicial notice of the Forms 4 in support of defendants' argument that stock trading plans negate an inference of scienter.").

### B.    Post-*Khoja*, Courts Still Routinely Grant Requests for Judicial Notice Involving Multiple Documents

Plaintiff's assertion that the volume of documents referenced in Defendants' RJN favors "outright denial" of both the RJN and the motion to dismiss is unavailing. Plaintiff cherry-picks two cases – in which district courts in this circuit were persuaded that consideration of 16 and 20 documents, respectively, would be more

2

appropriately considered at summary judgment – and attempts to extrapolate a broad circuit-wide rule that a request for judicial notice containing 16 or more documents warrants "outright denial." (Opp. at 4). But Plaintiff ignores that, even since the Ninth Circuit's decision in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), courts in this Circuit have routinely granted requests for judicial notice containing <u>more than</u> 16 documents – and even more than the 19 documents of which Defendants seek judicial notice here, including the following:

- In *In re SentinelOne, Inc. Sec. Litig.*, 2024 U.S. Dist. LEXIS 116812, *8 (N.D. Cal. July 2, 2024), defendants requested judicial notice of <u>nineteen</u> documents, consisting of publicly filed SEC documents, transcripts of earning calls, and a table reflecting the defendant's common stock closing prices over a two-year timeframe. *Id.* at *8-9. The Court granted the defendants' request, noting that: (1) documents filed publicly with the SEC are not subject to reasonable dispute, and the accuracy of the documents cannot be reasonably questioned; (2) courts routinely take judicial notice of transcripts of calls with and presentations to investors in securities cases because they are not subject to reasonable dispute and can be accurately and readily determined through public websites; and (3) stock prices contained in the table are publicly available and not subject to reasonable dispute. *Id.* The Court also acknowledged that all the documents could be considered for the purpose of assessing what was disclosed to the market. *Id.* at *9.

- In *Elec. Workers Pension Fund, Local 103 v. HP Inc.*, 2021 U.S. Dist. LEXIS 52463, *8 (N.D. Cal. Mar. 19, 2021), the defendants requested that the Court take notice of <u>twenty-three</u> documents, including copies of the Defendant's Annual Report on its Form 10-K, Statements of Changes in Beneficial Ownership on the defendant's Forms 4, transcripts of the defendant's earning calls, a transcript of the defendant's shareholder/analyst meetings, and transcripts from several of the defendant's presentations at various Bank-sponsored conferences. *Id.* at *8 n. 1. The Court granted the defendants' request for judicial notice, noting both that (1) on a motion to dismiss, it may consider matters of public record, and (2) SEC filings are subject to judicial notice. *Id.* at *8.

- In *Cohen v. Conagra Brands, Inc.*, 2023 U.S. Dist. LEXIS 48037, at *7-11 (C.D. Cal. Mar. 20, 2023), the defendant requested that the Court take judicial notice of <u>twenty-eight</u> documents consisting of USDA and FSIS

3

sketch approvals for the defendant's products, high-resolution images of the labels on the packaging of the products, and FSIS's Food Standards and Labeling Policy Book and FSIS's webpage. *Id.* at *8. The Court took judicial notice of 26 of the 28 documents, noting that they are matters of public record. *Id.* at *10-11.

- In *Hoffman v. Life Ins. Co. of the Southwest*, 2024 U.S. Dist. LEXIS 126231, at *9-14 (N.D. Cal. July 17, 2024), the defendant requested judicial notice of <u>twenty-nine</u> documents, including webpages, purported copies of the plaintiffs' annuity policies, emails between the parties' counsel in the case, and dictionary definitions. The Court took judicial notice of 15 of the documents, only refusing to take judicial notice of documents that were either not publicly available or incorporated by reference in the plaintiff's complaint. *Id.* at *11-12.

Here, Defendants seek judicial notice of nineteen documents that fall into categories that Courts routinely find to be subject to consideration. Accordingly, the Court should reject Plaintiff's attempt to fabricate a dubious threshold requirement and take judicial notice of each exhibit attached to the Prosser Declaration.

### C.    Plaintiff Does Not Oppose Defendants' Request For Judicial Notice of Exhibit 1 and Exhibits 3-15, And Such Request Should be Granted

Plaintiff does not challenge judicial notice of Exhibit 1 or Exhibits 3-15 on legal grounds. Therefore, the Court should grant Defendants' request as to those exhibits. *See, e.g.*, *Cohen v. Suleminian*, 2024 U.S. Dist. LEXIS 158631, at *7 (C.D. Cal. July 22, 2024) ("This request is also unopposed. As such, the Court GRANTS Plaintiff's request."); *Salinas v. IA Lodging San Diego, L.L.C.*, 2021 U.S. Dist. LEXIS 77722, *4 (S.D. Cal. Apr. 22, 2021) ("Moreover, courts within this District have granted unopposed requests for judicial notice pursuant to Civil Local Rule 7.1(f)(3)(c)."); *Haddad v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 2205, at *1 n.1 (S.D. Cal. Jan. 8, 2014) ("Pursuant to Federal Rule of Evidence 201 and Civil Local Rule 7.1(f)(3)(c), the unopposed Requests for Judicial Notice are granted."); *Tavares v. Nationstar Mortg. LLC*, 2014 U.S. Dist. LEXIS 95537, at *1 n.1 (S.D. Cal. July

14, 2014) ("Pursuant to Federal Rule of Evidence 201 and Civil Local Rule 7.1(f)(3)(c), the unopposed Request for Judicial Notice is granted.").

### D. Exhibit 2 is Incorporated by Reference in the CAC and Therefore Properly Subject to this Court's Consideration

Prosser Declaration Exhibit 2 – a true and correct copy of the Company's Response to Comments: MolDX: Pigmented Lesion Assay, filed with CMS – is not only publicly available, but is also a critical component of the Final LCD, a document that Plaintiff repeatedly and extensively references in his complaint. *See, e.g.*, CAC ¶¶ 81-95. Courts in this Circuit have clarified that "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations," *see In re Eventbrite, Inc. Sec. Litig.*, 2020 U.S. Dist. LEXIS 74651, *24-25 (N.D. Cal. Apr. 28, 2020) (emphasis in original), and have further held that "nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context." *Id.* at *24 (emphasis added); *see also Jaszczyszyn*, 2024 U.S. Dist. LEXIS 126193, at *9.

As explained in Defendants' opening brief (ECF 27-1), the CAC broadly complains about purported statements concerning "the extent to which" the Company's DMT was covered by Medicare. Yet Plaintiff fails to put such statements in the proper context or describe the full text of either Defendants' or Medicare's statements concerning the LCD. In 2016, Congress amended the Medicare Act by adding a separate public notice requirement specifically for local coverage determinations. *See Agendia, Inc. v. Becerra*, 4 F.4th 896, 901 n. 6 (9th Cir. 2021). Under that provision, a MAC must post a local coverage determination online at least forty-five days before its effective date, as well as a 'response to comments submitted to the contractor with respect to such proposed determination. *Id.* (citing 42 U.S.C. § 1395y(l)(5)(D)); (*see also* CAC ¶ 75). Therefore, the public comments and responses inherently provide valuable context concerning the final published LCD. Courts in

5

other circuits have determined judicial notice of CMS rulemaking (with comments) is appropriate for judicial notice. *See, e.g., Valdez v. Grisham*, 2022 U.S. App. LEXIS 16330, at *7 (10th Cir. June 14, 2022) (taking judicial notice of CMS interim final rule with comment period). It is a document published by the government, the type of which courts in this circuit routinely take judicial notice. *Habelt v. iRhythm Techs., Inc.*, 2022 U.S. Dist. LEXIS 60358, at *17 (N.D. Cal. Mar. 31, 2022) (citing *Anschutz Corp. v. Merrill Lynch & Co.*, 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011)).

As Exhibit 2 demonstrates, DermTech's and Medicare's positions regarding reimbursement are set forth in public published comments and/or in DermTech's public filings. Specifically, during the LCD approval process for the DMT:

- Medicare originally proposed limited reimbursement to "only one test … per patient per clinical encounter." (CAC ¶ 85 & Fig. 4).

- In response, during the public comment period, the Company requested a change to allow up to four tests per patient per clinical encounter. (¶ 86 & Fig. 5). In doing so, the Company submitted data showing that, in 2019 and 2019, clinicians ordered two or fewer DMTs more than 97% of the time. (Ex. 2 at 21).

- The Company's data also demonstrated that, for nearly 88% of patients in 2019, reimbursement for a single test was sufficient to cover the full number of tests ordered, and that for nearly 9.5% of patients, reimbursement of a second test would cover the full amount. (*See id*.).

- In response, the MAC stated that it would "cover up to 2 PLA tests per date of service without an appeal" and that "given the data provided [by DermTech], this coverage allowance appears to cover what is ordered for nearly all patients." (¶ 86 & Fig. 5) (emphasis added).

As a result, the MAC's final LCD (cited extensively in the CAC) stated: "Only one test may be used per patient per clinical encounter in most cases. In roughly 10% of patients, a second test may be indicated for the same clinical encounter." (¶ 87 & Fig. 6; *see also* ¶¶ 91, 93-95 (emphasis added)). Therefore, the LCD – which references the MAC's reliance on the data by the Company in the Response to

6

Comments – effectively confirmed that it would cover more than 97% of the tests DermTech serviced in 2019. (Ex. 2 at 21).

As held in *Khoja*, "the policy concern underlying [incorporation by reference]" is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Khoja*, 899 F.3d at 1002. While Plaintiff makes conclusory allegations regarding purported statements by the Defendants about the extent to which the DMT was covered by Medicare, Exhibit 2 puts the full texts of those statements in their proper context. This context "matters in the Court's assessment of how a reasonable investor would consider the allegedly false statements." *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323-24 (2007) ("The strength of an inference cannot be decided in a vacuum")); *see also Jaszczyszyn*, 2024 U.S. Dist. LEXIS 126193, at  *9 (citing *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190-91(2015) ("reasonable investor" interprets statements "fairly and in context"); *J.K.J. v. City of San Diego,* 17 F.4th 1247, 1254 (9th Cir. 2021) ("[W]here the complaint makes conclusory allegations that are contradicted by documents referred to or incorporated in the complaint, a court may decline to accept such conclusory allegations as true."). Exhibit 2 demonstrates that the information disclosed to the public by Defendants was consistent with the language contained in the LCD, and is therefore appropriately subject to judicial notice.

**E.  Exhibits 16 Through 18 Are Public Documents Routinely Subject to Judicial Notice and Consideration To Properly Evaluate Defendants' Alleged Scienter**

Plaintiff mischaracterizes the purpose for which Defendants offer Exhibits 16, 17, and 18. Defendants appropriately offer these documents for the Court's consideration of whether Plaintiff has pleaded facts creating the require strong inference of scienter or whether they negate such an inference – not as support for an affirmative defense. *See* ECF 27-1, at 15-17; *Leventhal*, 2024 U.S. Dist. LEXIS

7

37562, at *30 ("[T]he Court takes judicial notice of the Forms 4 in support of defendants' argument that stock trading plans negate an inference of scienter."). Plaintiff argues that Forms 4 and proxy statements "cannot be incorporated by reference to support a defense to a well-pled allegation in the complaint." (Opp. at 7). But Plaintiff's allegation is <u>not</u> "well-pled." As explained in Defendants' briefs, Plaintiff alleges that defendant Dobak sold shares during the Class Period (¶¶ 237-238), but he fails to establish an inference of scienter based upon those sales by alleging such sales were unusual or suspicious in amount or timing, dramatically out of line with prior trading practices, and at times calculated to maximize Dobak's personal benefit from undisclosed inside information. *See In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *In re AnaptysBio Sec. Litig.*, No.: 20-CV-565 TWR (DEB), 2021 WL 4267413, at *8 (S.D. Cal. Sept. 20, 2021). Rather, he simply concludes that Dobak sold "at artificially-inflated prices" for value that was "multiples" of his salary (¶ 237). This is insufficient to establish scienter.

Importantly, the CAC <u>relies</u> on the information contained in these Form 4's to support a scienter reference as to Dobak. CAC ¶¶ 237-238 (discussing Dobak's sales in "forms filed with the SEC"). Given Plaintiff's reliance on these Form 4s, the Court can and should consider these documents as "evidence that the stock sales reflected in them occurred." *In re Nektar Therapeutics*, 2020 U.S. Dist. LEXIS 122715, at *20-21 (N.D. Cal. July 13, 2020). It would be inapposite for Plaintiff to rely on these forms to establish his allegations but prohibit Defendants from relying all such forms filed with the SEC. *See id.*

As the RJN makes clear, Defendants offers Exhibits 16-18 to show that sales of common stock were made pursuant to a Rule 10b5-1 trading plan. (*See* RJN at 2-3.) Courts in this Circuit have routinely held that courts may take judicial notice of SEC Forms 4 for this exact purpose. *See Azar v. Yelp, Inc*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("Courts in this circuit have routinely taken judicial notice

8

of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action."); *see also Strezsak v. Ardelyx Inc.*, 2024 U.S. Dist. LEXIS 47461, *11 (N.D. Cal. Mar. 18, 2024) ("Courts may take judicial notice of SEC Forms 4 to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan."); *In re Facebook, Inc. Secs. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (taking judicial notice of SEC Forms 4, "even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan" (internal quotation marks omitted); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("Moreover, courts may take judicial notice of SEC Form 4s, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan."). Because Defendants offer these exhibits to simply rebut and negate an inference of scienter from Dobak's sales, and not to provide the basis for an affirmative defense, consideration of them is appropriate at the pleading stage, and thus are able to be judicially noticed.

**F.     The Data Contained in Exhibit 19 Is Publicly Available**

Exhibit 19 is a true and correct chart created by counsel for the Court's convenience, which summarizes the public Form 4s regarding Defendant Dobak's sales of common stock between March 8, 2021 and May 7, 2023 and supported by a declaration. While Plaintiff complains that it was "certainly not incorporated by reference" because it was not mentioned in the CAC (*see* Opp. at 6), Defendants never suggested that. *See* RJN at 1 ("Each of the following identified exhibits is publicly available (Exhibit 19 was created based on the publicly available information contained in Exhibits 16-17), and Exhibits 1-2 and 5-15 are referred to and incorporated into the CAC.")) (Emphasis added). Rather, Exhibit 19 is subject to judicial notice because it summarizes information that is publicly available and not subject to reasonable dispute, as described below.

REPLY MEM. ISO DEFS.' REQUEST FOR JUDICIAL NOTICE
Case No. 3:23-cv-01885-DMS-JLB

There is no reasonable dispute that Form 4s filed with the SEC are routinely accepted by courts of this circuit under judicial notice. *Leventhal v. Chegg, Inc.*, No. 21-cv-09953-PCP, 2024 U.S. Dist. LEXIS 37562, \*30 (N.D. Cal. Mar. 4, 2024) ("[T]he Court takes judicial notice of the Forms 4 in support of defendants' argument that stock trading plans negate an inference of scienter."). Since *Khoja*, courts in this Circuit have routinely held that this exact type of summarization chart is subject to judicial notice. For example, in *SentinelOne*, the Court took judicial notice of a table reflecting the defendant's common stock closing prices from June 1, 2022 through February 15, 2024. 2024 U.S. Dist. LEXIS 116812, at \*9. The Court reasoned that "[s]uch historical stock prices are publicly available and not subject to reasonable dispute. *Id*. Similarly, *in Kampe v. Volta Inc.*, the Court took judicial notice of "historical price data for [the defendant's] stock, holding that "[i]t is routine for a Court to take judicial notice of those types of documents for the purpose of determining what information was available to the market. 2024 U.S. Dist. LEXIS 14469, \*21-22; *see also In re Facebook, Inc. Secs. Litig.*, 405 F. Supp. 3d 809, 828 ("Exhibit 29 is a Bloomberg stock table showing the historical stock prices of Facebook" and such information is subject to judicial notice). The Court should take judicial notice of Exhibit 19.

## III.   CONCLUSION

Defendants request that their Request for Judicial Notice be granted.

DATED:  September 23, 2024

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

By:  */s/ Sean T. Prosser*
Sean T. Prosser
Attorneys for Defendants
John Dobak and Kevin Sun

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and am not a party to the above-entitled action.

On September 23, 2024, I filed a copy of the foregoing document by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registered users.

Executed on September 23, 2024 at San Diego, California.


*/s/Sean T. Prosser*
Sean T. Prosser

REPLY MEM. ISO DEFS.' REQUEST FOR JUDICIAL NOTICE
Case No. 3:23-cv-01885-DMS-JLB