Sean T. Prosser (SBN 163903)
stprosser@mintz.com
Valerie Phan (SBN 306503)
vphan@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone:  858.314.1500
Facsimile:  858.314.1501

Attorneys for Defendants
JOHN DOBAK and KEVIN SUN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DERMTECH, INC. SECURITIES LITIGATION | Case No.  3:23-cv-01885-DMS-JLB |
| | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Judge: Honorable Dana M. Sabraw |

Defendants JOHN DOBAK ("Dobak") and KEVIN SUN ("Sun," together with Dobak, "Defendants"), by and through their attorneys of record, hereby submit this Answer and Affirmative Defenses to the Second Amended Consolidated Class Action Complaint ("SAC") (ECF 40) filed by Lead Plaintiff ROBERT WEINER ("Plaintiff").

## ANSWER

In responding to the SAC, Defendants deny all allegations contained therein, unless specifically admitted below. Paragraph numbers in this document correspond with the paragraph numbers of the SAC and respond to all allegations of the corresponding SAC paragraph. Within each paragraph (including footnotes), if an allegation is not expressly admitted, it is denied. Further, Defendants deny each and every heading and sub-heading in the SAC that contains any allegation of fact or liability, including those in **bold** recited below. Defendants' responses and defenses to the SAC are based on their investigation to date, which is ongoing, and they reserve the right to amend and/or supplement this Answer and Affirmative Defenses consistent with the Federal Rules of Civil Procedure.

Page 1, lines 1 through 11 of the SAC is an introductory statement to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of those allegations and on that basis deny them.

## I.      NATURE OF THE ACTION AND OVERVIEW

1.      Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of those allegations and on that basis deny them.

2.      Defendants admit only that DermTech, Inc. ("DermTech" or the "Company")) was a molecular diagnostics company that developed and marketed

1

genomics tests to aid in the diagnosis and management of skin conditions. Defendants further admit that DermTech's main product, the DermTech Melanoma Test ("DMT"), removes samples of surface tissue layers using an adhesive patch known as a "Smart Sticker™," which a patient's doctor sends to DermTech to determine the probability of the lesion being melanoma. Defendants further admit the DMT was formerly referred to as the Pigmented Lesion Assay ("PLA") test. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 2 and on that basis deny them.

3.     Defendants admit only that, from time to time, DermTech sold shares of its common stock to the public. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations regarding the price(s) and number of shares sold, and on that basis deny them. Defendants deny the remaining allegations in Paragraph 3.

4.     Defendants allege that the allegations contained in Paragraph 4 include purported excerpts from DermTech's Forms 10-Q for the first, second, and third quarters of 2021, which are public documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 4.

5.     Defendants allege that the allegations contained in Paragraph 5 include purported excerpts from DermTech's statements regarding its results for the second quarter of 2022, which are public documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 5.

6.     Defendants allege that the allegations contained in Paragraph 6 include purported excerpts from DermTech's and/or Sun's statements regarding DermTech's results for the second quarter of 2021, which are public documents that speak for

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 6.

7.   Defendants deny the allegations in Paragraph 7.

8.   Defendants deny the allegations in Paragraph 8.

9.   Defendants allege that the allegations contained in Paragraph 9 include purported excerpts from DermTech's financial statements regarding its results for the second quarter of 2022, which are public documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 9.

10.   Defendants allege that the allegations contained in Paragraph 10 include purported excerpts from DermTech's statements regarding its results for the second quarter of 2022, which are public documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 10.

11.   Defendants allege that the allegations contained in Paragraph 11 include information regarding DermTech's stock price, which is publicly-available information that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 11.

12.   Defendants allege that the allegations in Paragraph 12 purport to quote the public statements by the Company, which speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 12.

13.   Defendants allege that the allegations contained in Paragraph 13 include information regarding DermTech's stock price, which is publicly-available information that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 13.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

14. Defendants allege that the allegations in Paragraph 14 refer to public statements by the Company and Sun, which speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 14.

15. Defendants allege that the allegations contained in Paragraph 15 include information regarding DermTech's stock price, which is publicly-available information that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 15.

16. Defendants allege that the allegations contained in Paragraph 16 purport to quote from public by a third party, and such statements speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 16.

17. Defendants allege that the allegations contained in Paragraph 17 include information regarding DermTech's stock price, which is publicly-available information that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 17.

18. Defendants allege that the allegations contained in Paragraph 18 include information regarding stock transactions by Dobak, which are reflected in publicly-available and filed forms that speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

**II.         JURISDICTION AND VENUE**

20. Paragraph 20 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

21.    Paragraph 21 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22.    Paragraph 22 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22.

23.    Paragraph 23 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

## III.    PARTIES AND RELEVANT NONPARTIES

**Parties**

24.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24 and on that basis deny them.

25.    The allegations in Paragraph 25 are limited to answering Defendant Dobak and, as such, answering Defendant Sun need not respond to the same. Dobak admits the allegations in Paragraph 25.

26.    The allegations in Paragraph 26 are limited to answering Defendant Sun and, as such, answering Defendant Dobak need not respond to the same. Sun admits the allegations in Paragraph 26.

27.    Paragraph 27 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants admit that, from time to time during their respective employments with DermTech, they received drafts and/or copies of documents that were publicly-filed by DermTech. Except as admitted, Defendants deny the remaining allegations in Paragraph 27.

**Relevant nonparties.**

28.    Defendants admit the allegations in Paragraph 28.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

29.  Defendants admit Claudia Ibarra was DermTech's Chief Operating Officer from approximately October 2019 to February 2024. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 29 and on that basis deny them.

30.  Defendants admit Todd Wood was DermTech's Chief Commercial Officer commencing in approximately February 2019. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 30 and on that basis deny them.

31.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31 and on that basis deny them.

32.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32 and on that basis deny them.

33.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33 and on that basis deny them.

34.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34 and on that basis deny them.

## IV.   SUBSTANTIVE ALLEGATIONS

### A.   Defendants Misrepresented the Revenue Generated By Sales of DermTech's Skin Cancer Test ("Assay Revenue")

35.  Defendants admit the allegations in Paragraph 35.

36.  Defendants admit that DermTech was a molecular diagnostics company that developed and marketed genomics tests to aid in the diagnosis and management of skin conditions. Defendants further admit that DermTech's main product was the DMT, which removes samples of surface tissue layers using an adhesive patch. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36 and on that basis deny them.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

37.    Paragraph 37 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants admit DermTech became a public company in approximately August 2019. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37 and on that basis deny them.

38.    Defendants admit DermTech securities began trading on the Nasdaq Stock Market under the ticker symbols "DMTK" and "DMTKW" in approximately August 2019. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38 and on that basis deny them.

39.    Paragraph 39 contains legal arguments and/or legal conclusions to which no response is required. Further answering, Defendants admit Dobak acted as DermTech's Chief Executive Officer and Director from approximately August 2019 until approximately May 9, 2023. Defendants deny the remaining allegations in Paragraph 39.

40.    Defendants admit that Paragraph 40 contains an incomplete description of DermTech's DMT. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 40 and on that basis deny them.

41.    Defendants admit that Paragraph 41 contains an incomplete description of DermTech's DMT. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41 and on that basis deny them.

42.    Defendants admit that Paragraph 42  contains an incomplete description of the marketing of DermTech's DMT. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42 and on that basis deny them.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

43.    Defendants admit that DermTech generated revenue that it categorized as "Assay Revenue" and "Contract Revenue." Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43 and on that basis deny them.

44.    Defendants admit that Paragraph 44 contains an incomplete description of DermTech's Assay Revenue. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44 and on that basis deny them.

45.    Defendants allege that Paragraph 45 appears to describe and partially quote from a publicly available document that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 45.

46.    Defendants allege that Paragraph 46 appears to describe and partially quote from publicly available documents that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 46.

47.    Defendants allege that Paragraph 47 appears to describe and partially quote from publicly available documents that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 47.

**B.    Defendants Portrayed DermTech As a Rapid Revenue Growth Stock That Was Mainly Driven by Three Factors**

48.    Defendants allege that the transcript from DermTech's earnings call for Q2 2022 is a public document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 48.

49.    Defendants allege that the transcript from DermTech's earnings call for Q4 2021 is a public document that speaks for itself and is the best evidence of its

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

contents. Except as alleged, Defendants deny the remaining allegations in Paragraph 49.

50.   Defendants deny the allegations in Paragraph 50.

51.   Defendants deny the allegations in Paragraph 51.

52.   Defendants allege that the transcript from DermTech's earnings call for Q4 2021 is a public document that speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 52.

53.   Defendants allege that the transcript from DermTech's earnings call for Q4 2021 is a public document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 53.

54.   Defendants allege that the transcript from DermTech's earnings call for Q4 2021 is a public document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 54.

55.   Defendants allege that the transcript from DermTech's earnings call for Q4 2021 is a public document that speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 55.

56.   Defendants deny the allegations in Paragraph 56.

57.   Defendants allege that the transcript from DermTech's earnings call for Q1 2022 is a public document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 57.

58.   Defendants allege that the transcript from DermTech's earnings call for Q1 2022 is a public document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 58.

59.   Defendants allege that the transcript from DermTech's earnings call for Q1 2022 is a public document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 59.

**C.    DermTech's Revenue, Revenue Drivers, And Revenue Growth Were the Key Metrics Upon Which Investors Focused**

9

60. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 60 and on that basis deny them.

61. Defendants allege that Paragraph 61 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 61 and on that basis deny them.

62. Defendants allege that Paragraph 62 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 62 and on that basis deny them.

63. Defendants allege that Paragraph 63 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 63 and on that basis deny them.

64. Defendants allege that Paragraph 64 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 64 and on that basis deny them.

65. Defendants allege that Paragraph 65 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 65 and on that basis deny them.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

66. Defendants deny the allegations in Paragraph 66.

**D.   The DMT Faced Undisclosed Reimbursement Issues, Which Directly Pressured ASP, and Thus the Company's Assay Revenue**

**1.   Overview of the Local Coverage Determinations ("LCDs"), CMS, and Medicare and Medicaid**

67. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67 and on that basis deny them.

68. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 68 and on that basis deny them.

69. Defendants admit the allegation in Paragraph 69.

70. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70 and on that basis deny them.

71. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 71 and on that basis deny them.

72. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 72 and on that basis deny them.

73. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 73 and on that basis deny them.

**2.   Commercial Payors Typically Follow Medicare or Medicaid Coverage Determinations**

74. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 74 and on that basis deny them.

75. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75 and on that basis deny them.

76. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76 and on that basis deny them.

77. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77 and on that basis deny them.

**3.   DermTech's LCDs Limit Reimbursement to one test per-**

11

**patient-per-visit in most cases, with a second test potentially allowable in roughly 10% of patients**

78.    Defendants admit that DermTech was provided with a PLA Code. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 78 and on that basis deny them.

79.    Defendants admit the allegations in Paragraph 79.

80.    Defendants admit the allegations in Paragraph 80.

81.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81 and on that basis deny them.

82.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 82 and on that basis deny them.

83.    Defendants allege that Paragraph 83 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 83 and on that basis deny them.

84.    Defendants allege that Paragraph 84 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 84 and on that basis deny them.

85.    Defendants allege that Paragraph 85 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 85 and on that basis deny them.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

86. Defendants allege that Paragraph 86 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 86 and on that basis deny them.

87. Defendants allege that Paragraph 87 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 87 and on that basis deny them.

88. Defendants allege that Paragraph 88 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 88 and on that basis deny them.

89. Defendants allege that Paragraph 89 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 89 and on that basis deny them.

90. Defendants allege that Paragraph 90 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 90 and on that basis deny them.

91. Defendants allege that Paragraph 91 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC

Case No.  3:23-cv-01885-DMS-JLB

their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 91 and on that basis deny them.

92.    Defendants allege that Paragraph 92 appears to partially quote from publicly available documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 92 and on that basis deny them.

**4.    Despite Receiving LCDs Which Restrict Coverage To One Test Per Patient Per Visit in Most Cases, DermTech Misleadingly Stated That Coverage Had Been Expanded From "One To Two Tests Per Date Of Service."**

93.    Defendants allege that Paragraph 93 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 93 and on that basis deny them.

94.    Defendants allege that Paragraph 94 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 93 and on that basis deny them.

95.    Defendants allege that Paragraph 95 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 95 and on that basis deny them.

96.    Defendants allege that Paragraph 96 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents.

Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 96 and on that basis deny them.

97.    Defendants allege that Paragraph 97 refers to unidentified statements in publicly available documents that speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 97 and on that basis deny them.

### 5.    Defendants' Subtle Changes to the LCD Coverage Description in their SEC Filings Establish Their Knowledge

98.    Defendants allege that Paragraph 98 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 98 and on that basis deny them.

99.    Defendants allege that Paragraph 99 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 99 and on that basis deny them.

100.    Defendants allege that Paragraph 100 appears to quote from or refer to a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 100 and on that basis deny them.

101.    Defendants allege that Paragraph 101 appears to quote from a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a

15

belief about the truth of the remainder of the allegations in Paragraph 101 and on that basis deny them.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants allege that Paragraph 103 refers to a publicly available document that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 103 and on that basis deny them.

**E.    According to Multiple Former Employees, DermTech Had Widespread and Undisclosed Testing Issues That Were Also Negatively Impacting ASP**

104. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 104 and on that basis deny them.

105. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 105 and on that basis deny them.

106. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 107 and on that basis deny them.

107. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 107 and on that basis deny them.

108. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 108 and on that basis deny them.

109. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 109 and on that basis deny them.

110. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 110 and on that basis deny them.

111. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 111 and on that basis deny them.

**F.    DermTech's Scheme to Artificially Boost Revenue and Prop up**

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC

Case No.  3:23-cv-01885-DMS-JLB

**DermTech's Stock To Capitalize on Equity Offerings**

112. Defendants deny the allegations in Paragraph 112.

113. Defendants admit that from time to time DermTech publicly offered securities through "ATM" offerings. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 113 and on that basis deny them.

114. Defendants admit the allegations in Paragraph 114.

115. Defendants allege that Paragraph 115 appears to refer to publicly-reported information that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 115 and on that basis deny them.

116. Defendants allege that Paragraph 116 appears to refer to publicly-reported information that speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 116 and on that basis deny them.

117. Defendants deny the allegations in Paragraph 117.

**G.     The Truth Begins to Emerge**

**1.     Q2 2022 Results**

118. Defendants allege that Paragraph 118 appears to refer to publicly-reported information and documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 118 and on that basis deny them.

119. Defendants allege that Paragraph 119 appears to quote from publicly-reported information and/or documents that speak for themselves and are the best

evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 119 and on that basis deny them.

120. Defendants allege that Paragraph 120 appears to quote from public statements that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 120 and on that basis deny them.

121. Defendants allege that Paragraph 121 appears to quote from public statements that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 121 and on that basis deny them.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants allege that Paragraph 123 appears to quote from public statements that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 123 and on that basis deny them.

124. Defendants allege that Paragraph 124 appears to quote from public statements that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 124 and on that basis deny them.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants deny any and all allegations regarding "half-truths." Defendants further allege that Paragraph 126 appears to quote from public statements

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

that speak for themselves and are the best evidence of their contents. Except as denied and alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 126 and on that basis deny them.

127. Defendants allege that Paragraph 127 appears to quote from a public document that speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 127 and on that basis deny them.

128. Defendants allege that Paragraph 128 appears to quote from a public document that speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 128 and on that basis deny them.

129. Defendants allege that Paragraph 129 appears to refer to public stock price information that speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 129 and on that basis deny them.

## 2.    Q3 2022 Results

130. Defendants allege that Paragraph 130 refers to and purports to quote from a public document that speak for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 130.

131. Defendants allege that Paragraph 131 appears to refer to and/or summarize public documents that speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC

Case No.  3:23-cv-01885-DMS-JLB

information to form a belief about the truth of the remainder of the allegations in Paragraph 131 and on that basis deny them.

132. Defendants allege that Paragraph 133 purports to partially quote from public statements and such statements, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 132 and on that basis deny them.

133. Defendants allege that Paragraph 133 purports to quote from a public document that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 133 and on that basis deny them.

134. Defendants allege that Paragraph 134 refers to and purports to partially quote from public documents and/or public statements and such statements, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 134.

135. Defendants allege that Paragraph 135 refers to and purports to partially quote from public documents and/or public statements and such statements, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 135.

136. Defendants allege that Paragraph 136 refers to and purports to partially quote from a public document that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 136.

137. Defendants allege that Paragraph 137 refers to public price information that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 137 and on that basis deny them.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

138. Defendants allege that Paragraph 138 refers to and purports to partially quote from a public document that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 138 and on that basis deny them.

139. Defendants allege that Paragraph 139 refers to and purports to partially quote from a public document that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 139 and on that basis deny them.

### 3. Q4 2022 and FY 2022 Results Confirmed the Q3 2022 Corrective Disclosure

140. Defendants admit the allegations in Paragraph 140.

141. Defendants admit the allegation contained in the first sentence of Paragraph 141. Defendants allege that Paragraph 141 also refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as admitted and alleged, Defendants deny the allegations in Paragraph 141.

142. Defendants admit the allegation contained in the first sentence of Paragraph 142. Defendants allege that Paragraph 142 also refers to and purports to partially quote from a public document that, in its entirety, speaks for itself and is the best evidence of its. Except as admitted and alleged, Defendants deny the allegations in Paragraph 142.

143. Defendants admit the allegation contained in the first sentence of Paragraph 143. Defendants allege that Paragraph 143 also refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as admitted and alleged, Defendants deny the allegations in Paragraph 143.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

144. Defendants allege that Paragraph 143 also refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 144.

### 4.     March 14, 2023 Oppenheimer Healthcare Conference

145. Defendants admit the allegations contained in Paragraph 145.

146. Defendants allege that Paragraph 146 refers to and purports to partially quote from public documents and/or public statements that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 146.

147. Defendants deny the allegations in Paragraph 147.

148. Defendants allege that Paragraph 148 refers to public price information that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 148.

### 5.     Q1 2023 Results

149. Defendants admit the allegation in the first sentence of Paragraph 149. Defendants allege that Paragraph 149 also refers to and purports to partially summarize public documents and/or public statements that, in their entirety, speak for themselves and are the best evidence of their contents. Except as admitted and alleged, Defendants deny the allegations in Paragraph 149.

150. Defendants admit the allegation in the first sentence of Paragraph 150. Defendants allege that Paragraph 150 also refers to and purports to partially quote from public documents and/or public statements that, in their entirety, speak for themselves and are the best evidence of their contents. Except as admitted and alleged, Defendants deny the allegations in Paragraph 150.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

151. Defendants allege that Paragraph 151 refers to public price information that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 151.

152. Defendants allege that Paragraph 152 refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as admitted, Defendants deny the allegations in Paragraph 152.

153. Defendants allege that Paragraph 153 refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as admitted, Defendants deny the allegations in Paragraph 153.

**H.    The Company's "Little r" restatement**

154. Defendants deny the allegations in Paragraph 154.

155. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 155 and on that basis deny them.

156. Defendants allege that Paragraph 156 refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 156.

157. Defendants allege that Paragraph 157 refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 157.

158. Defendants allege that Paragraph 158 refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 158.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC

Case No.  3:23-cv-01885-DMS-JLB

159. Defendants allege that Paragraph 159 refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 159.

160. Defendants allege that Paragraph 160 refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 160.

161. Defendants deny the allegations in Paragraph 161.

**I.      DermTech's "Little r" Restatement is a de facto admission of Falsity**

162. Paragraph 162 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the vague allegations in Paragraph 162 and on that basis deny them.

163. Paragraph 163 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 163 and on that basis deny them.

164. Paragraph 164 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 164 and on that basis deny them.

165. Defendants allege that Paragraph 165 refers to a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 165 and on that basis deny them.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

166. Paragraph 166 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 166 and on that basis deny them.

167. Paragraph 167 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 167 and on that basis deny them.

168. Paragraph 168 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 168 and on that basis deny them.

169. Paragraph 169 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 169 and on that basis deny them.

170. Paragraph 170 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 170 and on that basis deny them.

171. Defendants deny the allegations in Paragraph 171.

**J.      Defendants Were, at a Minimum, Deliberately Reckless In Recording Revenue Above Amounts that Could be Later Reversed**

172. Defendants admit that DermTech accounted for revenue on an accrual basis. Except as admitted, Defendants allege that Paragraph 172 contains legal arguments and/or legal conclusions to which no response is required. To the extent a

25

response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 172 and on that basis deny them.

173. Defendants admit that Sun signed DermTech's Forms 10-K and Forms 10-Q. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 173 and on that basis deny them.

174. Defendants allege that Paragraph 174 refers to and purports to partially quote from a public document and/or public statement that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 174.

175. Defendants deny the allegations in Paragraph 175.

176. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 176 and on that basis deny them.

177. Paragraph 177 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 177.

178. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 178 and on that basis deny them.

179. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 179 and on that basis deny them.

180. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 180 and on that basis deny them.

181. Defendants deny the allegations in Paragraph 181.

182. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 182 and on that basis deny them.

183. Defendants deny the allegations in Paragraph 183.

184. Defendants deny the allegations in Paragraph 184.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC

Case No.  3:23-cv-01885-DMS-JLB

**K.     Post Class Period Events**

185. Defendants admit that on May 9, 2023, DermTech announced the appointment of a new Chief Executive Officer and President to succeed Dobak, who resigned.

186. Defendants admit that on June 28, 2023, DermTech announced that Wood would be separating from the Company as of July 3, 2023. Except as admitted, Defendants allege that Paragraph 186 refers to and purported to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents.

187. Defendants admit that on January 29, 2024, DermTech filed a Form 8-K describing Ibarra's separation from the Company. Except as admitted, Defendants allege that Paragraph 187 refers to and purports to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents.

188. Defendants admit that on January 31, 2024, DermTech issued a press release. Except as admitted, Defendants allege that Paragraph 188 refers to and purported to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents.

189. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 189 and on that basis deny them.

190. Defendants admit that DermTech filed a voluntary petition for bankruptcy protection on June 18, 2024 in the U.S. Bankruptcy Court for the District of Delaware.

**V.      DEFENDANTS' MATERIALLY FALSE AND/OR MISLEADING STATEMENTS AND/OR OMISSIONS DURING THE CLASS PERIOD**

**A.     Defendants' False and/or Misleading Statements and/or Omissions Related to DermTech's Fourth Quarter and FY 2020 Results**

191. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 191 and on that basis deny them.

192. Defendants allege that Paragraph 192 refers to a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 192 and on that basis deny them.

193. Paragraph 193 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 193.

194. Defendants allege that Paragraph 194 refers to a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 194 and on that basis deny them.

195. Paragraph 195 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 195.

**B.     Defendants' False and/or Misleading Statements and/or Omissions Related to DermTech's First Quarter 2021 Results.**

196. Defendants allege that Paragraph 196 refers to and purports to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 196 and on that basis deny them.

197. Paragraph 197 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 197.

**C.     Defendants' False and/or Misleading Statements and/or Omissions Related to DermTech's Second Quarter 2021 results**

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

198.  Defendants allege that Paragraph 198 refers to and purports to quote from public documents and/or public statements that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 198 and on that basis deny them.

199.  Paragraph 199 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200.  Defendants allege that Paragraph 200 refers to and purports to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 200 and on that basis deny them.

201.  Paragraph 201 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph  201.

**D.      Defendants' False and/or Misleading Statements and/or Omissions Related to DermTech's Third Quarter 2021 results**

202.  Defendants allege that Paragraph 202 refers to and purports to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 202 and on that basis deny them.

203.  Paragraph 203 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph  203.

**E.      Defendants' False and/or Misleading Statements and/or Omissions Related to DermTech's Fourth Quarter and Full Year 2021 Results**

204.  Defendants allege that Paragraph 204 refers to and purports to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 204 and on that basis deny them.

205.  Defendants allege that Paragraph 205 refers to and purports to quote from a public document or public statement that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 205 and on that basis deny them.

206.  Paragraph 206 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph  206.

207.  Defendants allege that Paragraph 207 refers to and purports to quote from a public document or public statement that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 207 and on that basis deny them.

208.  Paragraph 208 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph  208.

209.  Defendants admit the allegations in Paragraph 209.

210.  Defendants allege that Paragraph 210 refers to and purports to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 210 and on that basis deny them.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC

211. Paragraph 211 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 211.

212. Paragraph 212 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 212.

213. Defendants allege that Paragraph 213 refers to and purports to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 213 and on that basis deny them.

214. Paragraph 214 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215. Defendants allege that Paragraph 215 refers to and purports to quote from a public document signed by Defendants that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 215 and on that basis deny them.

216. Paragraph 216 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 216.

**F.** **Defendants' False and/or Misleading Statements and/or Omissions Relating to DermTech's First Quarter 2022 Results**

217. Defendants allege that Paragraph 217 refers to a public document that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged,

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No. 3:23-cv-01885-DMS-JLB

Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 217 and on that basis deny them.

218. Paragraph 218 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 218.

219. Defendants allege that Paragraph 219 refers to and purports to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 219 and on that basis deny them.

220. Defendants allege that Paragraph 220 refers to and purports to quote from a public document that, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 220 and on that basis deny them.

221. Paragraph 221 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 221.

## VI.        LOSS CAUSATION

222. Defendants repeat, reiterates, and realleges their responses to the allegations contained in 1-221 of the SAC as though set forth herein. Defendants deny the remaining allegations in Paragraph 222.

223. Defendants admit that DermTech announced its financial results for the second quarter of 2022 on or about August 8, 2022. Defendants allege that such public document, in its entirety, speak for itself and is the best evidence of its contents. Except as alleged, Defendants deny the remaining allegations in Paragraph 223.

224. Defendants allege that the allegations in Paragraph 224 refer to public price information that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the remaining allegations in Paragraph 224.

225. Defendants admit that DermTech announced its financial results for the third quarter of 2022 on or about November 3, 2022. Defendants allege that such public document, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the remaining allegations in Paragraph 225.

226. Defendants allege that the allegations in Paragraph 226 refer to public price information that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the remaining allegations in Paragraph 226.

227. Defendants admit that DermTech representatives attended a conference held by Oppenheimer on or about March 14, 2023. Defendants allege that Paragraph 227 purports to quote from a public statement that, in its entirety, speaks for itself and is the best evidence of its contents. Except as admitted and alleged, Defendants deny the remaining allegations in Paragraph 227.

228. Defendants allege that the allegations in Paragraph 228 refer to public price information that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the remaining allegations in Paragraph 228.

229. Defendants admit that DermTech announced its financial results for the first quarter of 2023 on or about May 4, 2023. Defendants allege that such public document, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the remaining allegations in Paragraph 229.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

230. Defendants allege that Paragraph 230 refers to a public document and/or statement that, in its entirety, speaks for itself and is the best evidence of its contents. Defendants admit that DermTech hosted the Q1 2023 Earnings Call. Except as admitted and alleged, Defendants deny the remaining allegations in Paragraph 230.

231. Defendants allege that the allegations in Paragraph 231 refer to public price information that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the remaining allegations in Paragraph 231.

232. Defendants deny the allegations in Paragraph 232.

233. Defendants deny the allegations in Paragraph 233.

## VII.    ADDITIONAL SCIENTER ALLEGATIONS

234. Defendants deny the allegations in Paragraph 234.

### A.    Defendants' Motive To Prop Up DermTech's Share Price For Pecuniary Gain

#### 1.    Insider Selling Supports Scienter

235. Defendants allege that the allegations in Paragraph 235 refer to forms publicly filed with the SEC that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 235.

236. Defendants deny the allegations in Paragraph 236.

237. Defendants allege that the allegations in Paragraph 237 refer to stock transactions in forms publicly filed with the SEC that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 237.

238. Defendants allege that the allegations in Paragraph 238 refer to stock holdings described in forms publicly filed with the SEC that, in their entirety, speaks

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 238.

239. Defendants allege that the allegations in Paragraph 239 refer to stock holdings and transactions described in forms publicly filed with the SEC that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 239.

240. Defendants allege that the allegations in Paragraph 240 refer to stock transactions described in forms publicly filed with the SEC that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 240.

241. Defendants allege that the allegations in Paragraph 241 refer to stock transactions described in forms publicly filed with the SEC that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 241.

242. Defendants allege that the allegations in Paragraph 242 refer to stock transactions and awards described in forms publicly filed with the SEC that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 242.

**2. Defendants Were Motived to Prop Up the Company's Stock During the ATM Offering**

243. Defendants incorporate by reference their responses to Paragraphs 112-117, *supra*. Defendants admit that, from time to time, DermTech sold securities to raise funds during 2021. Except as admitted, Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 243 and on that basis deny them.

244. Defendants deny the allegations in Paragraph 244.

**B. Defendants' Subtle Changes to the LCD Coverage Language in DermTech's Filings Establishes Defendants' Knowledge of Facts Contradicting Their Public Statements**

245. Defendants allege that Paragraph 245 refers to and purports to partially quote from a public document that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 245.

246. Defendants allege that Paragraph 246 refers to and purports to partially quote from a public document that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 246.

247. Defendants deny the allegations in Paragraph 247.

248. Defendants allege that Paragraph 248 refers to and purports to partially quote from public documents that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 248.

249. Defendants deny the allegations in Paragraph 249.

250. Defendants deny the allegations in Paragraph 250.

251. Defendants deny the allegations in Paragraph 251.

252. Defendants deny the allegations in Paragraph 252.

253. Defendants allege that Paragraph 253 refers to and purports to quote from a public document that, in its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 253.

**C.      Defendants' Had Access to Information that Contradicted Their Public Statements Which Supports Scienter**

254. Defendants deny the allegations in Paragraph 254.

255. Defendants lack sufficient knowledge or information to form a belief about the truth of the vague allegations in Paragraph 255 and on that basis deny them.

256. Defendants allege that Paragraph 256 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the

36

best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 256.

257. Defendants deny the allegations in Paragraph 257.

258. Defendants allege that Paragraph 258 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 258.

259. Defendants allege that Paragraph 259 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 259.

260. Defendants allege that Paragraph 260 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 260.

261. Defendants allege that Paragraph 261 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 261.

262. Defendants allege that Paragraph 262 refers to and purports to partially quote from public documents and/or statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 262.

263. Defendants deny the allegations in Paragraph 263.

**D.    Dobak's Departure Supports Scienter**

264. Paragraph 264 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants allege

that Paragraph 264 refers to and purports to quote from a public document that, it its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 264.

265. Defendants allege that Paragraph 265 refers to and purports to quote from a public statement that, it its entirety, speaks for itself and is the best evidence of its contents. Except as alleged, Defendants deny the allegations in Paragraph 265.

### E.    The Core Operations Doctrine Supports Scienter

266. Defendants allege that Paragraph 266 refers to sales figures and other information contained in public documents that, in their entirety, speak for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 266.

### F.    Defendants' Repeated Statements About LCD Coverage, Including in Response to Analysts' Questions Further Supports Scienter

267. Defendants repeat, reiterate, and reallege their responses to the allegations contained in Paragraphs 1-266 of the SAC as though set forth herein.

268. Defendants deny the allegations in Paragraph 268.

269. Defendants deny the allegations in Paragraph 269.

### G.    Defendants' Half-truths Regarding Billing Code Edits Support Scienter

270. Defendants admit that DermTech publicly announced its financial results for the second quarter of 2022 on or about August 8, 2022. Defendants allege that such public document, in its entirety, speaks for itself and is the best evidence of its contents. Except as admitted and alleged, Defendants deny the remaining allegations in Paragraph 270.

271. Defendants allege that Paragraph 271 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC

Case No.  3:23-cv-01885-DMS-JLB

best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 271.

272. Defendants allege that Paragraph 272 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 272.

273. Defendants allege that Paragraph 273 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 273.

274. Defendants allege that Paragraph 274 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 274.

275. Defendants allege that Paragraph 275 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 275.

276. Defendants deny the allegations in Paragraph 276.

277. Defendants deny the allegations in Paragraph 277.

278. Defendants allege that Paragraph 278 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the allegations in Paragraph 278.

**H.     Defendants Were Motived to Meet Analysts' Estimates, Which Support Scienter**

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC

Case No.  3:23-cv-01885-DMS-JLB

279. Defendants allege that Paragraph 279 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 279 and on that basis deny them.

280. Defendants allege that Paragraph 280 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 280 and on that basis deny them.

281. Defendants allege that Paragraph 281 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 281 and on that basis deny them.

282. Defendants deny the allegations in Paragraph 282.

## I. Defendants' Attestations on their SOX Certifications Supports Scienter

283. Defendants allege that Paragraph 283 refers to and purports to partially quote from public statements that, in their entirety, speaks for themselves and are the best evidence of their contents. Except as alleged, Defendants deny the remaining allegations in Paragraph 283.

## J. Corporate Scienter Allegations

284. Paragraph 284 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 284.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No. 3:23-cv-01885-DMS-JLB

285. Paragraph 285 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 285.

286. Paragraph 286 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 286.

## VIII. APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

287. Defendants allege that the allegations in Paragraph 287 refer to public price information that, in its entirety, speaks for itself and is the best evidence of its contents. Further, Paragraph 287 contains legal arguments and/or legal conclusions to which no response is required. Except as alleged, and to the extent a response is required, Defendants deny the allegations in Paragraph 287.

288. Paragraph 288 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 288.

289. Paragraph 289 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 289.

290. Paragraph 290 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 290.

291. Paragraph 291 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 291.

## IX. CLASS ACTION ALLEGATIONS

292. Paragraph 292 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 292.

293. Paragraph 293 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 293.

294. Paragraph 294 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 294.

295. Paragraph 295 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 295.

296. Paragraph 296 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 296.

297. Paragraph 297 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 297.

## X. UNDISCLOSED ADVERSE FACTS

298. Paragraph 298 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 298.

299. Paragraph 299 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 299.

300. Paragraph 300 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 300.

**XI.** **INAPPLICABILITY OF THE STATUTORY SAFE HARBOR AND/OR BESPEAKS CAUTION DOCTRINE**

301. Paragraph 301 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 301.

302. Paragraph 302 contains legal arguments and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 302.

**XII.** **CLAIMS FOR RELIEF**

**FIRST CLAIM**

**Violation of Section 10(b) of The Exchange Act and**

**Rule 10b-5 Promulgated Thereunder**

**Against All Defendants**

303. Defendants repeat, reiterate, and re-allege their responses to the allegations contained in Paragraphs 1-302 of the SAC as though set forth herein.

304. Defendants deny the allegations in Paragraph 304.

305. Defendants deny the allegations in Paragraph 305.

306. Defendants deny the allegations in Paragraph 306.

307. Defendants deny the allegations in Paragraph 307.

308. Defendants deny the allegations in Paragraph 308.

309. Defendants deny the allegations in Paragraph 309.

310. Defendants deny the allegations in Paragraph 310.

311. Defendants deny the allegations in Paragraph 311.

312. Defendants deny the allegations in Paragraph 312.

313.  Defendants deny the allegations in Paragraph 313.

## SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act

### Against the Individual Defendants

314.  Defendants repeat, reiterate, and re-allege their responses to the allegations contained in Paragraphs 1-313 of the SAC as though set forth herein.

315.  Defendants deny the allegations in Paragraph 315.

316.  Defendants deny the allegations in Paragraph 316.

317.  Defendants deny the allegations in Paragraph 317.

## PRAYER FOR RELIEF

The remainder of the SAC constitutes Plaintiff's request for relief to which no response is necessary. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following separate, distinct, and non-exclusive affirmative and other defenses to the counts, causes of action, claims and allegations contained in the SAC, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's SAC, and each claim alleged therein, fails to state a claim upon which relief can be granted against Defendants, and each of them.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants are barred, in whole or in part, because the alleged misstatements or omissions were not false or misleading.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants fail as a result of a lack of materiality as to the alleged misrepresentations and/or omissions.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants fail because Defendants did not profit from or avoid losses in connection with any of the securities transactions or any of the allegedly fraudulent, misleading and/or deceptive acts described in the SAC.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants are barred by the applicable statute of limitations and the doctrines of waiver, acquiescence, and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

45

Plaintiff's and each class putative class member's claims against Defendants fail because Defendants lacked knowledge of the allegedly fraudulent, misleading and/or deceptive acts described in the SAC.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants fail because they did not act with scienter or with a mental state embracing an intent to deceive, manipulate, or defraud, or with any other requisite state of mind.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants fail because of lack of damage or loss to or by any person or entity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants fail as a result of intervening acts by other parties.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants fail as a result of the lack of loss causation and/or transaction causation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants fail as the alleged misrepresentations and/or omissions were not made in connection with the purchase or sale of securities.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants fail as a result of contributory negligence by third parties relied upon by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendant Dobak is barred under the federal securities laws, including, but not limited to, Rule 10b5-1 of the Securities Exchange Act of 1934.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants fail because at all times Defendants' actions were undertaken in good faith and without knowledge of the allegedly false, misleading and/or deceptive acts, omissions and/or schemes.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and each class putative class member's claims against Defendants are barred, in whole or in part, because at all times Defendants acted in conformity with all applicable federal and state statutes, government regulations, the common law, and the industry standards based upon the state of knowledge existing at the time alleged in the SAC.

## RULE 11 STATEMENT

Defendants believe that they may have additional defenses, but they do not have enough information at this time to assert such additional defenses under Rule 11 of the Federal Rules of Civil Procedure. Defendants do not intend to waive any such defenses and specifically asserts their intention to amend their Answer if, pending research and after discovery, facts come to light giving rise to such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing from Defendants by way of the SAC;

2. That judgment be entered in Defendants' favor and against Plaintiff on each and every cause of action alleged against Defendants in the SAC;

3. That Defendants be awarded their costs incurred, including reasonable attorneys' fees; and

4. For such other further relief as this Court may deem just and proper.

47

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB

DATED:  July 21, 2025

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.


By:  */s/ Sean T. Prosser*
    Sean T. Prosser
    Valerie Phan


Attorneys for Defendants
John Dobak, and Kevin Sun

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SAC
Case No.  3:23-cv-01885-DMS-JLB