**GLANCY PRONGAY WOLKE & ROTTER LLP**
Kara Wolke (SBN 241521)
Christopher R. Fallon (SBN 235684)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
kwolke@glancylaw.com
cfallon@glancylaw.com

Ray D. Sulentic (SBN 316913)
12526 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (310) 201-9150
rsulentic@glancylaw.com

Counsel for Lead Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DERMTECH, INC. SECURITIES LITIGATION | Case No.  3:23-cv-01885-DMS-JLB |
| | **AMENDED JOINT MOTION FOR ENTRY OF AMENDED STIPULATED PROTECTIVE ORDER** |
| | District Judge: Hon. Dana M. Sabraw |
| | Magistrate Judge: Hon. Jill L. Burkhardt |

**WHEREAS**, on September 25, 2025, the Court entered a protective order in the above captioned action (ECF 60) ("the Initial Protective Order");

**WHEREAS**, the Parties have been seeking discovery from non-party liquidating trustee, Steve Balasiano ("The Liquidating Trustee") which maintains possession of former defendant DermTech Inc.'s documents;

**WHEREAS**, as part of the discovery sought, certain information that the Liquidating Trustee has contains protected health information ("PHI") and, accordingly, the Liquidating Trustee has proposed certain changes to the Initial Protective Order;

**WHEREAS**, the parties filed a Joint Motion for an Amended Protective Order on January 23, 2026 (ECF 66) and, following an informal discovery conference with the Court, have revised the proposed language at the direction of the Court;

**WHEREAS**, the parties are amenable to the proposed changes to the Initial Protective Order;

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, jointly request that the Court grant this Amended Joint Motion and enter the Amended Joint Protective Order attached hereto as **Exhibit 1**, and emailed to the chambers of the Honorable Judge Jill L. Burkhardt pursuant to § VI of Judge Burkhardt's Civil Chambers rules.

Dated: February 9, 2026

**GLANCY PRONGAY WOLKE & ROTTER LLP**

By:   */s/ Ray D. Sulentic*
Ray Sulentic
12526 High Bluff Drive, Suite 300
San Diego, California 92130

1

AMENDED JOINT MOTION FOR ENTRY OF AMENDED STIPULATED PROTECTIVE ORDER
Case No.  3:23-cv-01885-DMS-JLB

Telephone: (310) 201-9150
Email: rsulentic@glancylaw.com

Kara M. Wolke
Christopher R. Fallon
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: kwolke@glancylaw.com
cfallon@glancylaw.com

*Lead Counsel for Lead Plaintiff*

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**

By:    */s/ Sean T. Prosser*
Sean T. Prosser

Sean T. Prosser (SBN 163903)
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: 858.314.1500
Facsimile: 858.314.1501
Email: stprosser@mintz.coin

Attorneys for Defendants
John Dobak and Kevin Sun

AMENDED JOINT MOTION FOR ENTRY OF AMENDED STIPULATED PROTECTIVE ORDER
Case No. 3:23-cv-01885-DMS-JLB

<u>SIGNATURE CERTIFICATION</u>

Pursuant to Section 2(f)(4) of the Southern District of California's CM/ECF Administrative Policies and Procedures Manual, I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in this filing's content.

DATED:  February 9, 2026          */s/ Ray D. Sulentic*
                                   Ray D. Sulentic

AMENDED JOINT MOTION FOR ENTRY OF AMENDED STIPULATED PROTECTIVE ORDER
Case No.  3:23-cv-01885-DMS-JLB

**<u>PROOF OF SERVICE</u>**

I hereby certify that on this 9th day of February, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Ray D. Sulentic*
Ray D. Sulentic

---

AMENDED JOINT MOTION FOR ENTRY OF AMENDED STIPULATED PROTECTIVE ORDER
Case No.  3:23-cv-01885-DMS-JLB

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DERMTECH, INC. SECURITIES LITIGATION | Case No.  3:23-cv-01885-DMS-JLB **AMENDED STIPULATED PROTECTIVE ORDER** District Judge; Hon. Dana M. Sabraw Magistrate Judge: Hon. Jill L. Burkhardt |

STIPULATED PROTECTIVE ORDER

Lead Plaintiff Robert Weiner and Defendants John Dobak and Kevin Sun (each a "party," and collectively, the "parties"), by and through their respective counsel, hereby stipulate and agree to, and request the Court's entry of, the following protective order (the "Order") as follows:

## STIPULATED PROTECTIVE ORDER

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Stipulated Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).   The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

In addition, certain of the materials that may be exchanged through the course of the litigation between the parties may include "protected health information" as defined in 45 C.F.R. § 160.103. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act of 1996, as amended by the Health Information Technology for Economic and Clinical Health Act, including all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, including specifically 45 C.F.R. § 164.512(e)(1), the undersigned parties agree to and the Court finds good cause for the issuance of a qualified protective order to the extent any protected health information is not redacted from such materials:

THEREFORE:

**DEFINITIONS**

1.     The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories and requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.     The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models, prototypes, and other physical objects.

3.     The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

    a.  Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.

    b.  Glancy Prongay & Murray LLP

4.     The term "Designating Party" means any party or non-party that discloses or produces any information to another party in connection with the above-captioned action that is designated under the terms of this Order.

5.     The term "Receiving Party" means any party who receives information from a Designating Party or a non-party in connection with the above-captioned

2                                    Case No. 3:23-cv-01885-DMS-JLB
STIPULATED PROTECTIVE ORDER

action that is designated under the terms of this Order.

## GENERAL RULES

6. Each party or subpoenaed non-party to this litigation that produces or discloses any materials, answers to interrogatories and requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Designating Party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

a. Designation as "CONFIDENTIAL": A party or non-party subject to this Order may only designate documents or other information in this action as "CONFIDENTIAL" if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

b. Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": A Designating Party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of the Designating Party and its counsel, the information is among that considered to be most sensitive by the Designating Party including but not limited to trade secret or other confidential research, development, technical, commercial, financial or pricing information, or such other proprietary or sensitive business and commercial information that is not publicly available, the disclosure of which could reasonably result in commercial, financial, or business harm.

7. In the event the Designating Party or non-party elects to produce materials for inspection, no marking need be made by the Designating Party or non party in advance of the initial inspection. For purposes of the initial inspection, all

3                         Case No. 3:23-cv-01885-DMS-JLB
STIPULATED PROTECTIVE ORDER

materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the Designating Party or non-party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking of "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."  Nothing in this paragraph shall preclude the parties from negotiating and agreeing to a different protocol for the inspection of any materials or things containing confidential information.

8.    Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any Designating Party:

a.    the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until 14 calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

b.    the Designating Party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 11 below; and

c.  the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of the Court.

9.  All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court.

## ACCESS TO "CONFIDENTIAL – FOR COUNSEL ONLY" INFORMATION

10.  Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be viewed only by counsel for the Receiving Party (as defined in Paragraph 3); witnesses (pursuant to the terms of Paragraph 10(a)-(b)); independent experts; a party's insurer(s) (including counsel for and/or employees of a party's insurer(s)) (pursuant to the terms of Paragraph 10(d)); and the individuals described in Paragraphs 10(e)-(j), under the conditions set forth in this Paragraph and Subparagraphs.  For avoidance of doubt, nothing herein shall restrict a Designating Party's use or disclosure to a witness, expert, or other person of their own confidential information that has been designated "CONFIDENTIAL – FOR COUNSEL ONLY" for purposes of this litigation.

a. Witnesses: A witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-

captioned case not otherwise authorized to view the information designated "CONFIDENTIAL – FOR COUNSEL ONLY" in question, has the right to review such information if it is used by a Receiving Party during that witness's testimony at a deposition, hearing, or trial in the above-captioned case, provided that either (i) counsel for the Designating Party authorizes disclosure of the information to the witness prior to its disclosure; (ii) the name of the witness appears on the face of the document (or within its accompanying metadata) as either as its originator, author, or a recipient of that version of the document; or (iii) the witness is a current employee of the Designating Party..

  b. Any witness authorized pursuant to paragraph 10(a) to review information designated "CONFIDENTIAL – FOR COUNSEL ONLY" may only review such information provided that:

   i. the disclosure is made for the purpose of advancing the Designating Party's claims or defenses, and for no other purposes;

  ii. the witness is not permitted to retain the information designated "CONFIDENTIAL – FOR COUNSEL ONLY" after the witness is examined regarding the confidential information, unless the witness was previously authorized to possess the information prior to the examination;

  iii. the witness signs the Exhibit A attached to this Order; and

  iv. the witness is explicitly informed by counsel for the party seeking to use the information designated "CONFIDENTIAL – FOR COUNSEL ONLY" that signing Exhibit A means that the witness is forbidden from disclosing the information designated "CONFIDENTIAL – FOR COUNSEL ONLY" except as

STIPULATED PROTECTIVE ORDER

permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order.

c. Independent Experts: Any independent expert (testifying or otherwise) who is to receive or review confidential information must sign a copy of the form attached hereto as Exhibit A in advance of seeing or receiving such confidential information.  The right of any independent expert, including support staff employed by such expert, to receive confidential information designated "CONFIDENTIAL – FOR COUNSEL ONLY" from a Receiving Party will be subject to the advance approval of such expert by the other party or by permission of the Court.  The party seeking approval of an independent expert to access such confidential information must provide the other party (excluding non-parties) with the name and curriculum vitae of the independent expert.  Any objection by the other party to an independent expert receiving confidential information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be made in writing within ten days following receipt of the identification of the expert to whom access is proposed.  Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" may be disclosed to an independent expert if the ten-day period has passed and no objection has been made.  The approval of independent experts' access to "CONFIDENTIAL – FOR COUNSEL ONLY" information must not be unreasonably withheld by the other party;

d. Employees of a Party's Insurer: Relevant employees of any insurer to a party may review information designated "CONFIDENTIAL – FOR COUNSEL ONLY" to the extent that such disclosure is reasonably necessary for the prosecution or defense of that party in this action, provided they have signed Exhibit A;

STIPULATED PROTECTIVE ORDER

e. Special masters, mediators, or other third parties who are appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel, provided each professional is bound by written confidentiality obligations to protect the confidential information;

f. Persons engaged by a party's counsel of record (as defined in Paragraph 3) to furnish litigation support services, such as, but not limited to, E-discovery vendors, technological support staff, graphic consultants, jury consultants, and office support staff in this action, provided each service provider is bound by written confidentiality obligations to protect the confidential information;

g. Pursuant to the restrictions set forth in Paragraphs 10 and 11 of this Order and provisions at Paragraph 15 regarding the sealing of confidential information, officers of the Court, court reporters, and members of the jury; and

h. Stenographic (court reporters and videographers) and clerical employees associated with the individuals identified in subparagraphs (c), (e), (f), and (g) above;

i. Any other person agreed to by the Designating Party in writing; and

j. Any other person to whom the Court compels disclosure of the designated "CONFIDENTIAL – FOR COUNSEL ONLY" or to whom disclosure is required by law.

### ACCESS TO CONFIDENTIAL INFORMATION

11. Information designated "CONFIDENTIAL" must be viewed only by: (i) the individuals listed in Paragraph 10; (ii) a party who requires such access to participate in litigation strategy, or settlement discussions with reference to this action; or (iii) technical personnel of a party, in connection with this litigation,

8                    Case No. 3:23-cv-01885-DMS-JLB

STIPULATED PROTECTIVE ORDER

provided each such individual in subpart (iii) has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A. For avoidance of doubt, nothing herein shall restrict a Designating Party or non-party's use or disclosure to a witness, expert, or other person of their own confidential information that has been designated "CONFIDENTIAL" for purposes of the litigation.

## ADDITIONAL TERMS OF ACCESS

12.   All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by a Designating party, and any and all reproductions of that information, must be retained in the custody of the counsel for the Receiving Party identified in Paragraph 3, except that independent experts, professionals and/or service providers listed in Paragraph 10, Subparagraphs (c) through (i) authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation and/or settlement discussions related to the same.  In addition and for avoidance of doubt, any other entities or persons identified in Paragraph 10, subparagraph (g), including officers of the Court and members of the jury, who are authorized to view confidential information under the terms of this Order may also retain custody of copies to the extent necessary to perform their respective functions, duties, and/or services in connection with this litigation.

13.   Any party seeking to file documents under seal must comply with the procedures set forth in the ECF Manual.  Parties should not seek to file under seal entire pleadings, or entire attachments, unless the party can establish that the entire document satisfies the standard for sealing.

Unless the entire document satisfies the standard for sealing, a redacted version of the document must be publicly filed on the docket with only those portions of the document appropriately subject to filing under seal redacted.  An application

to file under seal should specifically address the factual and legal basis for sealing each proposed redaction.

The party shall lodge the unredacted version of any filing in accordance with the ECF Manual.

If a party is seeking to file a document that contains information designated as confidential by another party, the filing party must reach out to the designating party in advance of filing the application to file under seal to obtain from the designating party the legal basis for the confidential designation. The filing party must include the legal basis in the application to file under seal.  If any party opposes the application to file under seal, that party must, within one court day, contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

14.   At any stage of these proceedings, any party may object to a designation of materials as confidential information, including the level of designation as "CONFIDENTIAL" versus "CONFIDENTIAL – FOR COUNSEL ONLY.    The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties after meeting and conferring within 14 calendar days of receipt of such a notice of objections, the parties may jointly request the Court's assistance with the dispute, in accordance with Judge Burkhardt's Civil Chambers Rules.  The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15.   All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action.  Counsel for each party, and each person receiving confidential information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such

information.  If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16.   No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17.   If a Designating Party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the Designating Party may give written notice to the Receiving Party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The Receiving Party must treat the materials as confidential once the Designating Party so notifies the Receiving Party.  If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.

18.   Nothing within this Order will prejudice the right of any party to (1) object to the production of any discovery material on the grounds that the material is protected from disclosure by the attorney client privilege,  the work product doctrine, or any other privilege or protection, or (2) if inadvertently produced, request the immediate destruction or return of any such privileged or protected materials and produce a privilege log with respect to the disclosed materials within thirty (30) calendar days of the party's request to return or destroy such documents.  Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Order shall require

STIPULATED PROTECTIVE ORDER

disclosure of privileged information, and the production of privileged information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and the provisions of Rule 502(b) do not apply. Fed. R. Civ. P. 26(b)(5)(B) and the parties' Stipulated Protocol for Discovery of Electronically Stored Information will govern the proper procedure for the notification and return of privileged information when identified by the Designating Party.

19.   Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

20.   This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21.   Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

22.   Within sixty (60) days after the final disposition of this action, including any and all appeals, each receiving party must return all materials containing confidential information ("Confidential Material") to the producing party or destroy such Confidential Material. As used in this Paragraph, "all Confidential Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Material. Whether the Confidential Material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the

designating party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Confidential Material that was returned or destroyed; and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court, as well as trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23.   Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

24.   The restrictions and obligations set forth within this Order will not apply to any information that:

a. the parties agree should not be designated confidential information;

b. the parties agree, or the Court rules, that confidential treatment is not warranted;

c. the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or

d. has come or will come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party or. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

26. Transmission by e-mail or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

27. This Order may be modified by agreement of the parties, subject to approval by the Court.

28. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

29. Without separate court order, this Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

## QUALIFIED PROTECTIVE ORDER

30. The parties and attorneys to the above-captioned matter (the "Action") are hereby authorized to receive, subpoena, and transmit protected health information to the extent and subject to the conditions set forth herein. 45 C.F.R. § 164.512(e)(1)(iv).

31. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information to all attorneys in this Action. Covered entities shall make reasonable efforts to limit the protected health information used or disclosed in this Action.

32. The parties and their attorneys shall be permitted to use the protected health information, to the extent not redacted from materials exchanged during the course of the litigation, in any manner reasonably connected with the Action, including, but not limited to, disclosure to the parties and their attorneys, insurers,

claims managers, experts, and consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process, provided that, in the case of insurers, claims managers, experts, and consultants, any such persons first agree to by bound by the terms of this Order

33. All protected health information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

34. Any person or entity in possession of protected health information shall maintain the information in a reasonably secure manner, and shall not disclose, reveal to or discuss such information with any person not entitled to receive it, so that the protected health information is not further disclosed or used in any manner inconsistent with this Order.

35. Within sixty (60) days after the conclusion of this Action, the parties, their attorneys, and any other persons or entities that came into possession of the protected health information through this Action shall return the protected health information to the covered entity that provided it, or destroy the protected health information, except for information that was submitted to the Court.

36. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

37. This Order does not control or limit the use of protected health information that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

IT IS SO ORDERED.

15                                    Case No. 3:23-cv-01885-DMS-JLB
STIPULATED PROTECTIVE ORDER

## <u>EXHIBIT A</u>

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ (name), of _____ (address), declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Southern District of California on _____ (date), in the case of *In Re DermTech, Inc. Securities Litigation*, Case No. 3:23-cv-01885-DMS-JLB.  I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.


Name: _____


Signature: _____     Date: _____

STIPULATED PROTECTIVE ORDER